IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-47(TJW) |
| | § | |
| SHARP CORPORATION and | § | |
| SHARP ELECTRONICS CORP. | § | |

**NOTICE OF SCHEDULING CONFERENCE,
PROPOSED DEADLINES FOR DOCKET CONTROL ORDER
AND DISCOVERY ORDER**

The court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Deadlines for

Docket Control Order and Discovery Order.

### Notice of Scheduling Conference

Pursuant to Fed. R. Civ. P. 16 and Local Rule CV-16, the Scheduling Conference in this case

is set for **February 6, 2007, at 1:30 p.m. in Marshall, Texas.** The parties are directed to meet and

confer in accordance with Fed. R. Civ. P. 26(f) prior to the conference. The parties are excused from

the requirement of filing a written proposed discovery plan in this case.

### Proposed Deadlines for Docket Control Order

The proposed deadlines for docket control order set forth in the attached Appendix A shall

be discussed at the Scheduling Conference. The court will not modify the proposed trial date except

for good cause shown.

### Discovery Order

After a review of the pleaded claims and defenses in this action and in furtherance of the

management of the court's docket under Fed. R. Civ. P. 16, it is ORDERED AS FOLLOWS:

1.    **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed,

within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any statement of any party to the litigation;

(h)     for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

     a.     the expert's name, address, and telephone number;

     b.     the subject matter on which the expert will testify;

     c.     if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

          (a)     all documents, tangible things, reports, models, or data compilations

that have been provided to, reviewed by, or prepared by or for the

expert in anticipation of the expert's testimony; and

(b)      the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule

CV-26.

d.      for all other experts, the general substance of the expert's mental impressions

and opinions and a brief summary of the basis for them or documents

reflecting such information;

Any party may move to modify these disclosures for good cause shown.

2.      **Protective Orders.**  Upon the request of any party before or after the Scheduling

Conference, the court shall issue the Protective Order in the form attached as Appendix B.

Any party may oppose the issuance of or move to modify the terms of the Protective Order

for good cause.

3.      **Additional Disclosures.**  In addition to the disclosures required in Paragraph 1 of this Order,

at the Scheduling Conference, the court shall amend this discovery order and require each

party, without awaiting a discovery request, to provide, to the extent not already provided,

to every other party the following:

(a)      the disclosures required by the Patent Rules for the Eastern District of Texas;

(b)      within forty-five (45) days after the Scheduling Conference, a copy of all documents,

data compilations, and tangible things in the possession, custody, or control of the

party that are relevant to the case, except to the extent these disclosures are affected

by the time limits set forth in the Patent Rules for the Eastern District of Texas.  By

written agreement of all parties, alternative forms of disclosure may be provided in

lieu of paper copies.  For example, the parties may agree to exchange images of

documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)     within forty-five (45) days after the Scheduling Conference, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)     within forty-five (45) days after the Scheduling Conference, those documents and authorizations described in Local Rule CV-34; and

The court shall order these disclosures in the absence of a showing of good cause by any party objecting to such disclosures.

4.     **Discovery Limitations**.  At the Scheduling Conference, the court shall also amend this discovery order to limit discovery in this cause to the disclosures described in Paragraphs 1 and 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of three (3) expert witnesses per side and forty (40) hours of additional depositions per side.  "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

5.     **Privileged Information**.  There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  Within sixty (60) days after the Scheduling

Conference, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the Scheduling Conference.

6. **Pre-trial disclosures**. Absent a showing of good cause by any party, the court shall require the following additional disclosures:

Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c) An appropriate identification of each document or other exhibit, including summaries

of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial.  Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7.    **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.  The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8.    **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make

disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Any filings in excess of twenty (20) pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

12.     **Modifications to Patent Rules.**   The attached Appendix C applies to this case and supplements the Patent Rules for the Eastern District of Texas.  These modifications are not intended to apply to any other case except as may be expressly provided by order of this Court.

SIGNED this 12th day of January, 2007.


_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

### PROPOSED DEADLINES FOR DOCKET CONTROL ORDER

**PROPOSED DEADLINES TO BE DISCUSSED**
**AT THE SCHEDULING CONFERENCE**
**February 6, 2007**

| | |
|---|---|
| **Monday,**<br>**June 2, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| **May 22, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **May 16, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **May 19, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).** Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).** |
| **April 18, 2008** | Response to Dispositive Motions (including *Daubert* motions) |
| **May 2, 2008** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |

| | |
|---|---|
| **April 4, 2008** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions)<br>**Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **March 4, 2008** | Defendant to Identify Trial Witnesses |
| **February 19, 2008** | Plaintiff to Identify Trial Witnesses |
| **February 19, 2008** | Discovery Deadline |
| _____ | **30** Days after claim construction ruling<br>Designate Rebuttal Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| _____ | **15** Days after claim construction ruling<br>Comply with P.R. 3-8. |
| _____ | **15** Days after claim construction ruling<br>Party with the burden of proof to designate Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| **November 20, 2007** | Claim construction hearing 9:00 a.m., **Marshall, Texas**. |
| **October 26, 2007** | Comply with P.R. 4-5(c). |
| **October 19, 2007** | Comply with P.R. 4-5(b). |

| | |
|---|---|
| **October 5, 2007** | Comply with P.R. 4-5(a). |
| **September 12, 2007** | Discovery deadline–claims construction issues |
| **September 5, 2007** | Respond to Amended Pleadings |
| **August 22, 2007** | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after August 22, 2007.)** |
| **August 22, 2007** | Comply with P.R. 4-3. |
| **July 23, 2007** | Comply with P.R. 4-2. |
| **July 3, 2007** | Comply with P.R. 4-1. |
| **March 21, 2007** | Comply with P.R. 3-3. |
| **April 6, 2007** | Privilege Logs to be exchanged by parties<br>(or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **March 6, 2007** | Join Additional Parties |
| **February 16, 2007** | Comply with P.R. 3-1 |

| | |
|---|---|
| **To be discussed at**<br>**Scheduling Conference** | Mediation to be completed<br>If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator.  If the parties choose the mediator, they are to inform the Court by letter the name and address of the mediator.  The courtroom deputy will immediately mail out a "mediation packet" to the mediator for the case.  The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation.  General Order 99-2. |
| **February 6, 2007** | Scheduling Conference (All attorneys are directed to Local Rule CV-16 for scope of the Scheduling Conference). |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e),** in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1.      All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.      The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter.  See Eastern District of Texas Local Rule CV-7(h).

3.      The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (a)      The fact that there are motions for summary judgment or motions to dismiss pending;

(b)    The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)    The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**APPENDIX B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-47(TJW) |
| | § | |
| SHARP CORPORATION and | § | |
| SHARP ELECTRONICS CORP. | § | |

**STANDARD PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to  be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such

Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.      Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.      Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.      At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents.  Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute.  The party or parties producing the Protected Documents shall have

the burden of establishing that the disputed Protected Documents are entitled to confidential

treatment.  If the party or parties producing the Protected Documents do not timely file a

motion for protective order, then the Protected Documents in dispute shall no longer be

subject to confidential treatment as provided in this Order.  All Protected Documents are

entitled to confidential treatment pursuant to the terms of this Order until and unless the

parties formally agree in writing to the contrary, a party fails to timely move for a protective

order, or a contrary determination is made by the Court as to whether all or a portion of a

Protected Document is entitled to confidential treatment.

4.      Confidential Treatment.  Protected Documents and any information contained therein shall

not be used or shown, disseminated, copied, or in any way communicated to anyone for any

purpose whatsoever, except as provided for below.

5.      Protected Documents and any information contained therein shall be disclosed only to the

following persons ("Qualified Persons"):

   (a)    Counsel of record in this action for the party or party receiving Protected Documents
          or any information contained therein;

   (b)    Employees of such counsel (excluding experts and investigators) assigned to and
          necessary to assist such counsel in the preparation and trial of this action; and

   (c)    The Court.

Protected Documents and any information contained therein shall be used solely for the

prosecution of this litigation.

6.      Counsel of record for the party or parties receiving Protected Documents may create an index

of the Protected Documents and furnish it to attorneys of record representing or having

represented parties involved in litigation involving the claims alleged in this suit against the

party or parties disclosing or producing the Protected Documents.  The index may only

identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7.    The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.    To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.    Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11.    The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12.    After termination of this litigation, the provisions of this Order shall continue to be binding,

except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13.   Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14.   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15.   The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this _____ day of _____, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

## APPENDIX C

## ORDER RELATING TO PATENT CASES BEFORE JUDGE T. JOHN WARD

The Court issues certain modifications to the Eastern District Patent Rules. The modifications relate to three issues: (1) Notice Requirements, (2) Infringement and Invalidity Contentions for Software, and (3) Deadlines Related to Claim Construction.

## I.      Notice Requirements

The Court has seen a dramatic increase in the number of disputes related to parties serving "supplemental," "additional," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. In the past, parties were not required to provide notice to the Court regarding compliance with P.R. 3-1 or P.R. 3-3. Thus, certain parties attempted to avoid the rule that Preliminary Contentions are final except as provided in P.R. 3-6 and P.R. 3-7. Accordingly, the Court modifies P.R. 3-1 and P.R. 3-3 in the following manner:

> **P.R. 3-1(g):** Any time a party claiming patent infringement serves Preliminary Infringement Contentions on an opposing party, the party claiming patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-1.

> **P.R. 3-3(e):** Any time a party opposing patent infringement serves Preliminary Invalidity Contentions on an opposing party, the party opposing patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-3.

Under this Court's interpretation of the Patent Rules, leave of Court is required for serving "amended," "supplemental," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. The Court will strike "amendments," "supplements," or "revisions" of P.R. 3-1 or P.R. 3-3 disclosures that do not comply with P.R. 3-6 or P.R. 3-7.

## II.      Infringement and Invalidity Contentions for Software

Additional modifications to the Patent Rules regarding P.R. 3-1 and P.R. 3-3 are being made

to reduce discovery disputes and motion practice resulting from patents that contain software claim limitations. The Patent Rules require a party asserting claims of patent infringement to take a firm position in the litigation as it relates to infringement early on in the case. This and other courts in the Eastern District of Texas, however, recognize that software claim limitations present unique challenges for the parties because parties claiming patent infringement do not typically have access to an opposing party's source code before filing suit. At the same time, parties opposing a claim for patent infringement are hampered in their ability to prepare a defense absent specific infringement contentions from the party asserting claims of patent infringement.

The lack of access to source code coupled with an opponent's right to prepare a defense has led to numerous discovery disputes. To alleviate these disputes and to provide clear direction to the parties as to their rights and responsibilities under the Patent Rules, the Court modifies the Patent Rules in a manner consistent with such cases as *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005).

The Court's modifications to P.R. 3-1and P.R. 3-3 are set out below.

**P.R. 3-1 (h):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

**P.R. 3-3(f):** If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Preliminary Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

Thus, if a party claiming patent infringement asserts that a claim element (or the entire claim) is software, that party need only identify the element as a software limitation in its initial compliance

with P.R. 3-1, but does not need to identify where such limitation is met in the Accused Instrumentality.   After receipt of the source code for an Accused Instrumentality, the party is permitted 30 days to supplement its P.R. 3-1 disclosure to identify, with specificity, the source code of the Accused Instrumentality that allegedly satisfies the software claim elements.  P.R. 3-1(g) does not allow Plaintiff the opportunity to modify or amend any non-software claim contentions.

Likewise, once a party opposing a claim of patent infringement is in receipt of a P.R. 3.1(g) disclosure, the party is allowed 30 days to modify its initial P.R. 3-3 disclosures, but only to the extent the modifications relate to the software claim elements identified by the party claiming patent infringement.  P.R. 3-3(e) does not allow a party opposing a claim of infringement an opportunity to modify or amend any non-software contentions.

## III.    Claim Construction Deadlines

The final amendments to the Patent Rules relate to claim construction deadlines.  In the Eastern District Patent Rules, claim construction deadlines are triggered by the filing of the parties' Infringement and Invalidity Contentions.  The increase of patent cases before this Court has resulted in a large number of Claim Construction hearings and, as a result, strict application of the Patent Rules yields a P.R. 4-5 deadline approximately three months or more before Court could accommodate a Claim Construction Hearing.

To facilitate the case, resolve discovery disputes, and have claim construction hearings a reasonable time after briefing is complete, the Court modifies the deadlines in P.R. 4-1 and P.R. 4-3 as set forth below:

**4-1. Exchange of Proposed Terms and Claim Elements for Construction.**
**(a)** Not later than ***140 days before the date set for the Claim Construction Hearing***, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

**4-3. Joint Claim Construction and Prehearing Statement.**
Not later than ***30 days after "Exchange of Preliminary Claim Constructions and Extrinsic Evidence" in compliance with P.R. 4.2***, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

Thus, the Court's modifications will make the trigger of P.R. 4-1 through P.R. 4-5 the date of the Claim Construction Hearing. For clarification, the Court notes that the "140 days" set forth in P.R. 4-1 was not chosen to confuse the parties but was instead chosen so as to be evenly divisible by 7. Thus, whatever the date of the Claim Construction Hearing, the deadline for complying with P.R. 4-1 will always fall on a weekday. If that weekday is a Federal Holiday, the deadline for complying with P.R. 4-1 is extended to the first day that is not a Saturday, Sunday or other Federal Holiday.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:06-cv-00047 |
| VS. | § | JUDGE T. JOHN WARD |
| | § | |
| SHARP CORPORATION and | § | JURY TRIAL REQUESTED |
| SHARP ELECTRONICS CORP., | § | |
| Defendants. | § | |

## DEFENDANTS SHARP CORPORATION AND
## SHARP ELECTRONICS CORP.'S
## NOTICE OF COUNSEL'S CHANGE OF FIRM

Defendants Sharp Corporation and Sharp Electronics Corp. hereby give notice
that effective January 1, 2007, the firm of Pitney Hardin LLP, of which attorneys
Richard H. Brown, Gerald Levy, and Yukio Kashiba were members, merged with
Day Berry & Howard LLP forming Day Pitney LLP.   Mr. Brown, Mr. Levy and
Mr. Kashiba are members of Day Pitney LLP and also continue to be attorneys of record
in this cause.  The name of the firm of Day Pitney LLP rather than the firm of Pitney
Hardin LLP will now be reflected on the pleadings filed in behalf of Defendants.

Respectfully submitted,

Tom Henson
State Bar Card No. 09494000
RAMEY & FLOCK, P.C.
100 East Ferguson
Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)
thenson@rameyflock.com

Gerald Levy
Richard H. Brown
Yukio Kashiba
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

Attorneys for Defendants
SHARP CORPORATION and
SHARP ELECTRONICS CORP.


DATED:  January 29, 2007


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail on this the 29th day of January, 2007.


Tom Henson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | No: 2:06CV-00047 (TJW) |
| | § | |
| SHARP CORPORATION and | § | JURY TRIAL REQUESTED |
| SHARP ELECTRONICS CORP. | § | |
| Defendants | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that attorney Charles Ainsworth enters his appearance in this matter as additional counsel for Plaintiff Rembrandt Technologies, LP for the purpose of receiving notices from the Court.

Dated: February 1, 2007       Respectfully submitted,

*/s/ Charles Ainsworth*
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
Robert M. Parker
State Bar No. 15498000
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903/531-3535
903/533-9687 - Facsimile
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com

Attorneys for Plaintiff
Rembrandt Technologies, LP

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this February 1, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Charles Ainsworth
Charles Ainsworth

AO 456 (Rev. 5/85) Notice

# UNITED STATES DISTRICT COURT

_____EASTERN_____    DISTRICT OF    _____TEXAS_____

REMBRANDT TECHNOLOGIES, LP

V.

SHARP CORPORATION, ET AL.

**NOTICE**

CASE NUMBER:   2:06-CV-47(TJW)

TYPE OF CASE:

X  **CIVIL**                    **CRIMINAL**

**TAKE NOTICE** that a proceeding in this case has been set for the place, date, and time set forth below:

| PLACE | ROOM NO. |
|---|---|
|  | DATE AND TIME |

TYPE OF PROCEEDING

**SCHEDULING CONFERENCE     (Please NOTE that the scheduling conference previously set for 2/06/07 has been CANCELLED.  The scheduling conference has been RESET to February 20, 2007 @ 10:30 a.m.)**

X  **TAKE NOTICE** that a proceeding in this case has been continued as indicated below:

| PLACE<br>United States District Court<br>100 E. Houston Street<br>**MARSHALL, TX 75670** | DATE AND TIME PREVIOUSLY<br>SCHEDULED<br><br>February 6, 2007 @ 1:30 p.m. | CONTINUED TO DATE<br>AND TIME<br><br>**February 20, 2007 @ 10:30 a.m.** |
|---|---|---|

David J. Maland
US MAGISTRATE JUDGE OR CLERK OF COURT

February 1, 2007
DATE

Sonja H. Dupree
(BY) DEPUTY CLERK

TO:      ALL COUNSEL OF RECORD

__
__

## **ACKNOWLEDGMENT**

**NOTICE TO COUNSEL:**  Please sign in the space provided below and return to the court by facsimile, **(903) 935-2295**, within three (3) days of your receipt of the enclosed notice.

_____

**I acknowledge receipt of the indicated notice on the date shown below.**

Case No. _____

Signature of Atty._____
                                                                                            Date
Print Name of Atty._____

Counsel for _____
                              (Name of Party)

Type of Proceeding: _____
                                       (e.g., Scheduling Conference)

Date of Proceeding: _____

Time of Proceeding: _____

Location of Proceeding: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:06-cv-00047-TJW |
| VS. | § | |
| | § | |
| SHARP CORPORATION and SHARP | § | JURY TRIAL REQUESTED |
| ELECTRONICS CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF SUBMISSION OF REPORT OF**
**THE PARTIES' MEET AND CONFER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff, Rembrandt Technologies, LP, and Defendants, Sharp Corporation

and Sharp Electronics Corp., and submit to the Court that all parties are in agreement with the

modified scheduling deadlines and other matters proposed in the attached Report of the Parties'

Meet and Confer.

DATED: February 16, 2007.

Respectfully Submitted:

**McKOOL SMITH, P.C.**

*David Sockia by Jim Henson*

DOUGLAS A. CAWLEY
Lead Attorney
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Notice – Page 1

SAMUEL F. BAXTER
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
DAVID SOCHIA
Texas State Bar No. 00797470
dsochia@mckoolsmith.com
BRADLEY W. CALDWELL
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**PARKER & BUNT**
ROBERT M. PARKER
State Bar No. 15498000
rmparker@cox-internet.com
ROBERT CHRISTOPHER BUNT
State Bar No. 00787165
cbunt@cox-internet.com
100 E. Ferguson, Suite 114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**


Tom Henson
State Bar Card No. 09494000
RAMEY & FLOCK, P.C.
100 East Ferguson
Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)
thenson@rameyflock.com

Gerald Levy
Richard H. Brown
Yukio Kashiba
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

**ATTORNEYS FOR DEFENDANTS**
**SHARP CORPORATION and**
**SHARP ELECTRONICS CORP.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail on this the 16th day of February, 2007.

Tom Henson

Notice – Page 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | : | Civil Action No. 2:06-cv-00047-TJW |
| Plaintiff, | : | |
| v. | : | **REPORT OF THE PARTIES' MEET AND CONFER** |
| SHARP CORPORATION and SHARP ELECTRONICS CORPORATION, | : | |
| | : | |
| Defendants. | : | |

Plaintiffs Rembrandt Technologies, and Defendants Sharp Corporation and Sharp Electronics Corp. (collectively, "Sharp") conducted a Rule 26(f) meet and confer in advance of the February 20, 2007 scheduling conference. The parties' positions are described below:

1. Proposed modification of deadlines:

a) With the change in the date of the schedule conference, the parties propose the following changes to the deadlines in the docket control order:

| | |
|---|---|
| March 5, 2007 | Comply with P.R. 3-1 and 3.2 |
| April 4, 2007 | Comply with P.R. 3.3 and 3.4 |
| April 19, 2007 | Join Additional Parties. |

b) The parties agree to exchange privilege logs by June 11, 2007.

c) The parties propose to submit technology tutorials to the court by November 2, 2007.

d) Expert disclosure/reports. The parties propose that the deadline for designating witnesses (other than on claim construction) and making expert disclosure on issues where a party bears the

burden proof be February 15, 2008, or 30 days after the claim construction ruling, whichever is later. The parties propose the deadline for designation of rebuttal expert witness and disclosure will be March 14, 2008, or 60 days after claim construct, which ever date is later.

e) The parties agree on the following additional deadlines:

| April 4, 2008 | Discovery deadline |
| --- | --- |
| April 4, 2008 | Parties to identify trial witness on issues for which they bear the burden of proof |
| April 11, 2008 | Parties to identify rebuttal witness |
| April 11, 2008 | Deadline for filing dispositive motions and any other motions that may require a hearing |
| April 25, 2008 | Response to Dispositive Motions |
| May 5, 2008 | Video Deposition Designation |
| May 12, 2008 | Motions in limine due |
| May 19, 2008 | Responses to motions in limine due |

2. The parties will confer about submitting a protective order that includes modifications of some of the terms in the Protective Order attached as Appendix B to Notice of Scheduling Conference. Rembrandt will provide a draft of the proposed order to Sharp shortly.

3. Rembrandt has proposed that all production of electronic documents be done in the following format: single page .tif file, with OCR and a load file. Sharp is generally in agreement with that proposal with respect to electronic documents in English. Sharp has advised that it cannot agree to the OCR request with respect to documents in Japanese.

4. Sharp submits that due to the potential volume of relevant documents, the date for completion of production of all documents may need to be extended. Sharp will make a good faith

effort to produce relevant documents describing the accused products by the deadline, but notes that

the production will be completed on a rolling basis.

     5. Discovery limitations

     a. The parties agree to a limit of 25 interrogations per side, 60 substantive requests for

admission per side and an unlimited number of request for admission for purpose of authentication

of documents.

     b. Depositions. The parties also agree that in addition to the depositions of the parties,

depositions on written questions of custodians of business records for third parties, depositions of

three (3) expert witnesses per side and forty (40) hours of additional depositions per side set forth in

the Court's notice, the parties agree that they may depose each non-party supplier, non-party with

prior art knowledge, inventor, or prosecuting attorney, and an additional 21 hours to depose new

parties other then those described herein.

DATED:      February 16, 2007.

                  Respectfully Submitted:

                  **McKOOL SMITH, P.C.**

                  *David Sochia by Jim Henson*

                  DOUGLAS A. CAWLEY
                  Lead Attorney
                  Texas State Bar No. 04035500
                  dcawley@mckoolsmith.com
                  300 Crescent Court, Suite 1500
                  Dallas, Texas 75201
                  Telephone: (214) 978-4000
                  Telecopier: (214) 978-4044

                  SAMUEL F. BAXTER
                  Texas State Bar No. 01938000
                  sbaxter@mckoolsmith.com
                  DAVID SOCHIA
                  Texas State Bar No. 00797470

dsochia@mckoolsmith.com
BRADLEY W. CALDWELL
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**PARKER & BUNT**
ROBERT M. PARKER
State Bar No. 15498000
rmparker@cox-internet.com
ROBERT CHRISTOPHER BUNT
State Bar No. 00787165
cbunt@cox-internet.com
100 E. Ferguson, Suite 114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**


Tom Henson
State Bar Card No. 09494000
RAMEY & FLOCK, P.C.
100 East Ferguson
Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)
thenson@rameyflock.com

Gerald Levy
Richard H. Brown
Yukio Kashiba
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

**ATTORNEYS FOR DEFENDANTS
SHARP CORPORATION and
SHARP ELECTRONICS CORP.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail on this the 16th day of February, 2007.

_Tom Henson_

Tom Henson

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 2:06-CV-47-TJW |
| v. | § | |
| | § | |
| SHARP CORPORATION and | § | |
| SHARP ELECTRONICS CORP., | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendants. | § | |

## JOINT MOTION TO AMEND SELECTED DATES IN THE DOCKET CONTROL ORDER

Plaintiff Rembrandt Technologies, LP, ("Rembrandt") and Defendants Sharp Corporation and Sharp Electronics Corp. (collectively, "Sharp"), hereby jointly move the Court to amend four upcoming dates and respectfully show the Court the following:

On January 12, 2007, the Court issued its Notice of Scheduling Conference, Proposed Deadlines For Docket Control Order and Discovery Order setting a scheduling conference on February 6, 2007, with dates keying from the February 6 date. (Docket No. 22.)

Also on January 12, 2007, the February 6 scheduling conference was continued until February 20. (Docket No. 21.)

On February 16, the parties filed with the Court proposed modifications to certain dates in the docket control order in view of the continuance of the scheduling conference and other agreements between the parties. (Docket No. 26.) A new docket control order reflecting these agreed dates has not yet been entered.

According to agreed schedule in Docket No. 26, and in view of the February 20 scheduling conference, the following deadlines pertaining to this motion are currently in place:

1. Rembrandt is to comply with P.R. 3-1 and 3-2 on March 5, 2007.

2. The parties are to comply with Paragraph 1 ("Disclosures") of the Court's Discovery Order on March 22, 2007.

3. Sharp is to comply with P.R. 3-3 and 3-4 on April 4, 2007.

4. The parties are to comply with Paragraph 3 ("Additional Disclosures") of the Court's Discovery Order on April 6, 2007.

5. The deadline to join additional parties is April 19, 2007.

Rembrandt and Sharp now jointly move the Court to extend each of these dates four (4) weeks as follows:

1. Rembrandt will comply with P.R. 3-1 and 3-2 on April 2, 2007.

2. The parties will comply with Paragraph 1 ("Disclosures") of the Court's Discovery Order on April 19, 2007.

3. Sharp will comply with P.R. 3-3 and 3-4 on May 2, 2007.

4. The parties will comply with Paragraph 3 ("Additional Disclosures") of the Court's Discovery Order on May 4, 2007.

5. The deadline to join additional parties would be April 27, 2007.

The requested extensions are by agreement, for the convenience of the parties and their counsel, and not sought for the purpose of delay. The parties do not now foresee additional changes to these dates. The parties have not yet reached agreement on the deadline for Sharp's proposed rolling production but will do so by the deadline set at the

**JOINT MOTION TO AMEND SELECTED**
**DATES IN THE DOCKET CONTROL ORDER - 2**

scheduling conference and will notify the Court under a separate filing. The parties respectfully request that the Court allow the relief requested. A proposed Order granting this Motion is attached.

Dated: March 5, 2007

Respectfully submitted,

By:    /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Douglas A. Cawley
State Bar No. 04035500
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044

Robert M. Parker
Tex. State Bar No. 15498000
Robert Christopher Bunt
Tex. State Bar No. 00787165
**PARKER & BUNT**
100 E. Ferguson, Ste. 114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

_/s/ Richard H. Brown (w/permission SB)
Tom Henson
State Bar Card No. 09494000
RAMEY & FLOCK, P.C.
100 East Ferguson
Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)

Gerald Levy
Richard H. Brown
Yukio Kashiba
DAY PITNEY LLP
7 Times Square
New York, New York 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

**ATTORNEYS FOR DEFENDANTS
SHARP CORPORATION AND
SHARP ELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

The foregoing document and attachments were served upon counsel for all parties who have consented to service via the Court's ECF Systen on this 5th day of March, 2007.

_____/s/ David Sochia_____
David Sochia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 2:06-CV-47-TJW |
| v. | § | |
| | § | |
| SHARP CORPORATION and | § | |
| SHARP ELECTRONICS CORP., | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Court, having considered the parties' Joint Motion to Amend Certain Dates in the Docket Control Order and finding good cause supporting it, finds the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rembrandt shall comply with P.R. 3-1 and 3-2 on April 2, 2007.  The parties shall comply with Paragraph 1 ("Disclosures") of the Court's Discovery Order on April 19, 2007.  Sharp shall comply with P.R. 3-3 and 3-4 on May 2, 2007.  The parties shall comply with Paragraph 3 ("Additional Disclosures") of the Court's Discovery Order on May 4, 2007. The deadline to join additional parties is April 27, 2007.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 2:06-CV-47-TJW |
| v. | § | |
| | § | |
| SHARP CORPORATION and | § | |
| SHARP ELECTRONICS CORP., | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Court, having considered the parties' Joint Motion to Amend Certain Dates in the Docket Control Order and finding good cause supporting it, finds the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rembrandt shall comply with P.R. 3-1 and 3-2 on April 2, 2007.  The parties shall comply with Paragraph 1 ("Disclosures") of the Court's Discovery Order on April 19, 2007.  Sharp shall comply with P.R. 3-3 and 3-4 on May 2, 2007.  The parties shall comply with Paragraph 3 ("Additional Disclosures") of the Court's Discovery Order on May 4, 2007. The deadline to join additional parties is April 27, 2007.

SIGNED this  7th  day of March, 2007.

_T. John Ward_
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-47(TJW) |
| | § | |
| SHARP CORPORATION and | § | |
| SHARP ELECTRONICS CORP. | § | |

## DOCKET CONTROL ORDER

In accordance with the case scheduling conference held herein on the 20th day of February,

2007, it is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this

court:

| | |
|---|---|
| **Monday,**<br>**June 2, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| **May 22, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **May 16, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **May 19, 2008** | Responses to motions in limine due |
| **May 12, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).** |

Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Liming to the Court by facsimile transmission, **903/935-2295.** The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The**

> **parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).**

**May 5, 2008**                Video Deposition Designation

**May 2, 2008**                **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com.

**April 25, 2008**             Response to Dispositive Motions (including *Daubert* motions)[1]
                               **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.**

**April 11, 2008**             Deadline for Filing Dispositive Motions and any other motions that
                               may require a hearing (including *Daubert* motions)

**April 18, 2008**             Mediation to be completed

**April 11, 2008**             Parties to identify rebuttal witness

---

[1]     The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e),** in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| | |
|---|---|
| **April 4, 2008** | Parties to identify trial witness on issues for which they bear the burden of proof |
| **February 19, 2008** | Plaintiff to Identify Trial Witnesses |
| **April 4, 2008** | Discovery Deadline |
| **March 14, 2008, or 60 days after claim construction ruling, whichever date is later.** | Designate Rebuttal Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| **February 15, 2008, or 30 days after claim construction ruling, whichever date is later.** | Comply with P.R. 3-8. |
| **February 15, 2008, or 30 days after claim construction ruling, whichever date is later.** | Party with the burden of proof to designate Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| **November 20, 2007** | Claim construction hearing 9:00 a.m., **Marshall, Texas.** |
| **November 2, 2007** | Submit technical tutorials to the Court. |
| **October 26, 2007** | Comply with P.R. 4-5(c). |
| **October 19, 2007** | Comply with P.R. 4-5(b). |
| **October 5, 2007** | Comply with P.R. 4-5(a). |
| **September 12, 2007** | Discovery deadline |

**September 5, 2007**                    Respond to Amended Pleadings

**August 22, 2007**                     Amend Pleadings
                                        **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after August 22, 2007).**

**August 22, 2007**                     Comply with P.R. 4-3.

**July 23, 2007**                       Comply with P.R. 4-2.

**July 3, 2007**                        Comply with P.R. 4-1.

**June 11, 2007**                       Privilege Logs to be exchanged by parties

**April 27, 2007**                      Join Additional Parties

**May 2, 2007**                         Comply with P.R. 3-3 and P.R. 3-4.

**April 2, 2007**                       Comply with P.R. 3-1 and P.R. 3-2.

IT IS FURTHER ORDERED that the parties shall submit the name, address, telephone number, and fax number of an agreed mediator to the Court within thirty (30) days from the date of the Scheduling Conference.  If the parties are unable to agree, the Court will appoint a mediator in the above referenced case.

## OTHER LIMITATIONS

1.     All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.     The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

3.     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

      (a)     The fact that there are motions for summary judgment or motions to dismiss pending;

      (b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

      (c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 8th day of March, 2007.

_T. John Ward_
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:05-CV-443-TJW |
| | ) |
| COMCAST CORPORATION, COMCAST | ) |
| CABLE COMMUNICATIONS, LLC, | ) |
| COMCAST OF PLANO, LP, | ) |
| | ) |
|       Defendants | ) |
| _____ | ) |

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:06-CV-506-TJW |
| | ) |
| COMCAST CORPORATION, COMCAST | ) |
| CABLE COMMUNICATIONS, LLC, | ) |
| COMCAST OF PLANO, LP, | ) |
| | ) |
|       Defendants | ) |
| _____ | ) |

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:06-CV-047-TJW |
| | ) |
| SHARP CORPORATION and SHARP | ) |
| ELECTRONICS CORP. | ) |
| | ) |
|       Defendants | ) |
| _____ | ) |

**REMBRANDT TECHNOLOGIES, LP**  )
                )
   **Plaintiff,**        )
                )
v.              ) **Case No. 2:06-CV-369-TJW**
                )
**TIME WARNER CABLE, INC.**    )
                )
   **Defendant**        )
_____  )

**REMBRANDT TECHNOLOGIES, LP**  )
                )
   **Plaintiff,**        )
                )
v.              ) **Case No. 2:06-CV-224-TJW**
                )
**TIME WARNER CABLE, INC.**    )
                )
   **Defendant**        )
_____  )

**REMBRANDT TECHNOLOGIES, LP**  )
                )
   **Plaintiff,**        )
                )
v.              ) **Case No. 2:06-CV-507-TJW**
                )
**CHARTER COMMUNICATIONS, INC.,** )
**CHARTER COMMUNICATIONS**   )
**OPERATING, LLC, COXCOM,**    )
**INC., CSC HOLDINGS, INC., and**   )
**CABLEVISION**          )
**SYSTEMS CORPORATION**     )
                )
   **Defendants**        )
_____  )

| | |
|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 2:06-CV-223-TJW** |
| | ) |
| **CHARTER COMMUNICATIONS, INC.,** | ) |
| **CHARTER COMMUNICATIONS** | ) |
| **OPERATING, LLC, COXCOM,** | ) |
| **INC., CSC HOLDINGS, INC., and** | ) |
| **CABLEVISION** | ) |
| **SYSTEMS CORPORATION** | ) |
| | ) |
| **Defendants** | ) |
| _____ | ) |

### NOTICE OF FILING MOTION FOR TRANSFER AND CONSOLIDATION OF REMRBANDT TECHNOLOGIES, LP PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

PLEASE TAKE NOTICE that, pursuant to J.P.M.L. Rule 5.2(b), on March 9th, 2007, CoxCom, Inc. filed its Motion for Transfer and Consolidation of the Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation in Washington, D.C. CoxCom, Inc. is a named defendant in both *Rembrandt Technologies, LP v. Charter Communications, Inc., et. al.*; Civil Action No. 2:06-CV-507, and *Rembrandt Technologies, LP v. Charter Communications, Inc., et. al.*; Civil Action No. 2:06-CV-223, both pending before Judge T. John Ward in the Eastern District of Texas. Enclosed with this Notice are copies of the motion for transfer and consolidation and all documents in support thereof.

Dated: March 9th, 2006.

KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (facsimile)
Mstockwell@kilpatrickstockton.com
Sgriffin@kilpatrickstockton.com

Tonya R. Deem
KILPATRICK STOCKTON
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
(336) 607-7500 (facsimile)
tdeem@kilpatrickstockton.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
PO Box 359
Tyler, Texas  75710
Telephone:  903-597-8311
Facsimile:  903-593-0846

Respectfully Submitted

Mitchell G. Stockton
R. Scott Griffin

**ATTORNEYS FOR COXCOM, INC**.

US2000 9828424.1

## CERTIFICATE OF SERVICE

The Undersigned certifies that a copy of the NOTICE OF FILING MOTION FOR

TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP

PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407 was filed electronically in

compliance with local rule CV-5(a) and contemporaneously served by first class mail on all

counsel of record in the above-captioned cases.


Mitchell G. Stockton
KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (facsimile)
mstockton@kilpatrickstockton.com

**ATTORNEY FOR COXCOM, INC**.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | MDL Docket No. |
| Rembrandt Technologies, LP Patent Litigation | |

**MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys For COXCOM, INC.**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation (the "Panel"), Defendant CoxCom, Inc. ("CoxCom")[1]

moves the Panel for an Order: (1) transferring fourteen (14) related patent infringement

actions filed by or against Rembrandt Technologies, LP ("Rembrandt") (the "Actions"), as

well as any actions that may subsequently be filed by or against Rembrandt, asserting similar

or related claims to the District of Delaware.[2]

In support of this Motion, CoxCom states the following, as more fully explained in

the accompanying Memorandum of Law:

1.    This Motion seeks the transfer and consolidation of fourteen related actions for

patent infringement filed by Rembrandt against twenty-nine defendants[3] (the "Actions"), ten

of which were filed within the last six months. The Actions have been filed in three judicial

districts: the Eastern District of Texas; the District of Delaware; and the Southern District of

New York.

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) (Marshall Division) and *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-507-TJW (E.D. Tex.) (Marshall Division). CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom, Inc. v. Rembrandt Technologies, L.P.*, No. 06-721-GMS (D. Del.).

[2] As explained more fully in the accompanying Memorandum of Law, CoxCom moves for consolidation of all 14 related patent infringement actions, but suggests that, because of the illogical way in which the claims were grouped in the 14 cases, the most convenient, just and efficient administration of these actions would be achieved if the transferee court severed from the consolidated action those claims asserting the '627 patent for separate treatment and conduct. Claims relating to the '627 patent implicate completely different technology and activity (receipt and transmission of broadcast television signals through ATSC-compliant equipment) than the rest of the claims (which implicate high speed internet services through DOCSIS-compliant equipment).

[3] The Actions were initially filed against twenty-nine defendants, but claims asserted against Cox Communications, Inc. and Cox Enterprises, Inc. were voluntarily dismissed. See *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.).

US2000 9823191.1

2.    Pursuant to Rule 7.2(a)(ii) of the Rules of the Panel, a schedule of the Actions is attached hereto as Exhibit A.

3.    Plaintiff Rembrandt is a limited partnership organized under the laws of the State of New Jersey with its principal place of business in Bala Cynwyd, Pennsylvania. Rembrandt is a company that invests in patents, but does not practice them. Instead, it acquires rights to patents and sues entities it believes infringe upon those patents.

4.    Rembrandt has initiated two waves of patent litigation relating to: (a) the receipt and transmission over the cable television systems of digital terrestrial broadcast signals that comply with the ATSC[4] Digital Television Standard; and (b) the provision of high speed internet services through the use of DOCSIS[5]-compliant equipment.

5.    Rembrandt filed the Actions in two waves, apparently as it became the assignee of the various patents in suit. The first wave of litigation (the "Rembrandt I" litigation) includes nine cases against fifteen current defendants spanning three industries (cable, television broadcast, and manufacturing) and asserts infringement of up to five patents. One of the five patents asserted in the Rembrandt I litigation, U.S. Patent No. 5,243,627 (the "'627 patent"), is asserted against each of the Rembrandt I defendants. The '627 patent relates to the receipt and transmission of ATSC-compliant television broadcast signals. The remaining four patents asserted in the Rembrandt I litigation do not relate to the transmission of television signals. Instead, the remaining four patents relate to the provision of high speed internet service through the use of DOCSIS-compliant cable modems and related equipment. The second wave of litigation (the "Rembrandt II" litigation) includes

---

[4]    "Advanced Television System Committee"
[5]    "Data-Over-Cable Service Interface Specifications"

3

three cases filed by Rembrandt in the Eastern District of Texas against seven cable service providers (all of whom are also defendants in the Rembrandt I litigation), a declaratory judgment action filed by CoxCom in the District of Delaware, and an action filed in the Southern District of New York. The Rembrandt II litigation asserts infringement of five patents relating to the provision of high speed internet service and accuses the same DOCSIS-compliant equipment that is accused in the Rembrandt I litigation.

6.     But for the claim of infringement of the '627 patent, all of the claims in the Rembrandt I and Rembrandt II actions relate to the provision of high speed internet and related services through the use of DOCSIS-compliant cable modems and related equipment.

7.     For the Panel's convenience, a table identifying the asserted patents, the actions in which they have been asserted and the industry standards that are accused is attached to the Motion as Exhibit B.

8.     There have been no substantive orders issued in any of the Actions and no claim construction hearings have been held.

9.     In each of the Actions, defendants already have asserted, or may be expected to assert, overlapping defenses that some or all of the various asserted patent claims are not valid and/or not enforceable (i.e., void for inequitable conduct and/or prosecution laches) under the patent laws.

10.     In each of the Actions, Rembrandt alleges that the defendants infringe its patents by virtue of their compliance with industry standards, either the ATSC standard with respect to the '627 patent or the DOCSIS standard with respect to the other patents in suit. Therefore, the Actions involve identical infringement allegations regarding the patents and the defendants may be expected to assert overlapping non-infringement defenses.

4

11.    Transfer and consolidation of these Actions is necessary to:  (a) eliminate the potential for inconsistent rulings on critical pretrial motions, including but not limited to, claim construction rulings; (b) eliminate the burden of duplicative discovery on common issues; (c) prevent inconsistent pretrial rulings; (d) avoid the unnecessary use of judicial resources; and (e) reduce the overall costs and burdens for all of the parties.  Moreover, because the Actions assert infringement based on compliance with industry standards, the effect of having inconsistent rulings regarding industry standards would be significant and deleterious.

12.    Due to the many overlapping patents, the Actions in this litigation involve common questions of fact.  Each of the Actions involves allegations of infringement, invalidity and enforceability issues common to the overlapping patents.  All the Actions can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, the scope and content of the prior art, claim construction, the prosecution histories of the asserted patents and any inequitable conduct and/or unreasonable delays (prosecution laches) committed during their prosecution, and/or issues of infringement involving the patents.

13.    The claims relating to the provision of high speed internet service and related services accuse the same DOCSIS-compliant equipment—cable modems and related equipment used by the cable service provider defendants in providing high speed internet service.  However, because some of these claims are asserted in the Rembrandt I actions while others are asserted in the Rembrandt II actions and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, it is expected that the cable service provider defendants and the third parties who supply and

5

manufacture the accused equipment will be subjected to burdensome and inefficient discovery as they are forced to respond to overlapping and duplicative discovery requested in the separate actions.

14.     Further, the question of damages will present many other common issues of fact among the Actions.  Because Rembrandt is not a competitor of the defendants, Rembrandt can be expected to seek damages in the form of a reasonable royalty, which involves consideration of multiple factors as set forth in the seminal case of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971).  Because many of these factors relate to the specific patent or patent owner involved in the case, each patent for which Rembrandt seeks damages will present numerous common factual issues.  Moreover, because the claims relating to the provision of high speed internet services straddle both Rembrandt I and Rembrandt II actions, because the claims accuse the same equipment, and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, there is a risk that Rembrandt may receive inflated damages.

15.     Of the fourteen actions currently at issue, at least six are pending before Judge Gregory Sleet in the District of Delaware.  These six actions assert five of the nine patents at issue in the Actions and implicate both of the accused industry standards.  As such, Judge Sleet has the opportunity to gain familiarity with the patents, technology and industry standards at issue.

16.     Judge Sleet has presided over a number of complex patent litigation cases in the past and has demonstrated an understanding and ability to effectively administer this type

6

of complex litigation.  Moreover, Judge Sleet has already indicated an interest in at least coordinating the six actions pending in Delaware.

17.    Consolidation and transfer before Judge Sleet in the District of Delaware is appropriate.

WHEREFORE CoxCom requests that this Panel enter an order transferring the Actions, as well as any actions that may subsequently be filed by or against Rembrandt asserting similar or related claims to the District of Delaware and consolidating those actions for coordinated pretrial proceedings.

This the 9th day of March 2007.

Respectfully Submitted:

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys for COXCOM, INC.**

US2000 9823191.1

**Exhibit A**
**SCHEDULE OF ACTIONS**

| NO. | NAME OF ACTION | DISTRICT COURT/ DIVISION | DATE ACTION FILED | CIVIL ACTION NUMBER | JUDGE ASSIGNED |
|---|---|---|---|---|---|
| 1. | Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation | U.S.D.C., Eastern District of Texas/Marshall Division | 02/03/06 | 2:06-cv-047 | T. John Ward |
| 2. | Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP | U.S.D.C., Eastern District of Texas/Marshall Division | 09/16/05 | 2:05-cv-443 | T. John Ward |
| 3. | Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP | U.S.D.C., Eastern District of Texas/Marshall Division | 11/30/06 | 2:06-cv-506 | T. John Ward |
| 4. | Rembrandt Technologies, LP v. Time Warner Cable, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 06/01/06 | 2:06-cv-224 | T. John Ward |
| 5. | Rembrandt Technologies, LP v. Time Warner Cable, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 09/13/06 | 2:06-cv-369 | T. John Ward |
| 6. | Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation | U.S.D.C., Eastern District of Texas/Marshall Division | 06/01/06 | 2:06-cv-223 | T. John Ward |
| 7. | Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; and CoxCom, Inc. | U.S.D.C., Eastern District of Texas/Marshall Division | 11/30/06 | 2:06-cv-507 | T. John Ward |

| NO. | NAME OF ACTION | DISTRICT COURT/ DIVISION | DATE ACTION FILED | CIVIL ACTION NUMBER | JUDGE ASSIGNED |
|---|---|---|---|---|---|
| 8. | Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc. | U.S.D.C., District of Delaware | 10/13/06 | 1:06-cv-635 | Gregory M. Sleet |
| 9. | CoxCom, Inc. v. Rembrandt Technologies, LP | U.S.D.C., District of Delaware | 11/30/06 | 1:06-cv-721 | Gregory M. Sleet |
| 10 | Rembrandt Technologies, LP v. CBS Corporation | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-727 | Gregory M. Sleet |
| 11 | Rembrandt Technologies, LP v. NBC Universal, Inc. | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-729 | Gregory M. Sleet |
| 12 | Rembrandt Technologies, LP v. ABC, Inc. | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-730 | Gregory M. Sleet |
| 13 | Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company | U.S.D.C., District of Delaware | 12/01/06 | 1:06-cv-731 | Gregory M. Sleet |
| 14 | In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP | U.S. Bankr. Court and U.S.D.C., Southern District of New York | 01/11/07 | Bankr: 02-41729 U.S.D.C.: 1:07-cv-214 | Bankr: Robert E. Gerber U.S.D.C.: William H. Pauley III |

**EXHIBIT B**
**Rembrandt Litigation**

| Patent | Rembrandt v. Sharp (2:06-cv-047-TJW) | Rembrandt v. Comcast (2:05-cv-443-TJW) | Rembrandt v. Comcast (2:06-cv-506-TJW) | Rembrandt v. Time Warner (2:06-cv-224-TJW) | Rembrandt v. Time Warner (2:06-cv-369-TJW) | Rembrandt v. Charter, et al. (2:06-cv-223-TJW) | Rembrandt v. Charter, et al. (2:06-cv-507-TJW) | Rembrandt v. Cablevision (1:06-cv-635-GMS) | CoxCom v. Rembrandt (1:06-cv-721-GMS) | Rembrandt v. CBS (1:06-cv-727-GMS) | Rembrandt v. NBC (1:06-cv-729-GMS) | Rembrandt v. ABC (1:06-cv-730-GMS) | Rembrandt v. Fox (1:06-cv-731-GMS) | Rembrandt v. Adelphia et al. (1:07-cv-214-WHP) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| '627 (5,243,627) | XXX | | | | | | | | | XXX | XXX | XXX | XXX | |
| '631 (5,852,631) | | XXX | XXX | XXX | | XXX | | XXX | | | | | | |
| '858 (5,719,858) | | XXX | XXX | XXX | | XXX | | XXX | | | | | | |
| '819 (4,937,819) | | XXX | XXX | XXX | | XXX | | XXX | | | | | | XXX |
| '761 (5,710,761) | | XXX | | | XXX | | XXX | | | | | | | XXX |
| '234 (5,778,234) | | XXX | | | XXX | | XXX | | | | | | | XXX |
| '159 (6,131,159) | | XXX | | | XXX | | XXX | | | | | | | XXX |
| '444 (6,950,444) | | XXX | | | XXX | | XXX | XXX | | | | | | |
| '903 (5,008,903) | | XXX | | | XXX | | XXX | XXX | XXX | | | | | |

**Legend:**
Blue cases are pending in the E.D. Tex.
Gold cases are pending in the D. Del.
Purple case is pending in the S.D.N.Y.
Green patents implicate the ATSC industry standard.
Red patents implicate the DOCSIS industry standard.
Shaded columns indicate the Rembrandt I cases.
Clear columns indicate the Rembrandt II cases.

US2000:9804785.1 C8490-331049

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent | ) MDL Docket No. |
| Litigation | ) |
| | ) |

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATION OF**
**REMBRANDT TECHNOLOGIES, LP PATENT LITIGATON**
**PURSUANT TO 28 U.S.C. § 1407**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys For COXCOM, INC.**

## TABLE OF CONTENTS

I.      BACKGROUND OF THE LITIGATION ..................................................................1

III.    ARGUMENT ...........................................................................................................9

        A.      The Actions Present Many Common Questions of Fact ...................................9

        A.      Number of Related Cases And Parties Pending in Delaware ..........................16

        B.      Judge Sleet is Familiar with Patents ...............................................................17

        C.      Delaware Docket is Less Congested ...............................................................18

        D.      Delaware is Home Jurisdiction .......................................................................19

        E.      Policy Considerations Favor Transfer to Delaware.........................................19

IV.     CONCLUSION .......................................................................................................20

US2000 9807131.4 C8490-331049

## TABLE OF ABBREVIATIONS

| Full Name | Abbreviation |
|---|---|
| CoxCom, Inc. | CoxCom |
| Rembrandt Technologies, LP | Rembrandt |
| Sharp Corporation and Sharp Electronics Corporation | Sharp |
| Time Warner Cable, Inc. | Time Warner |
| Charter Communications, Inc. and Charter Communications Operating, LLC, | Charter |
| Cablevision Systems Corporation and CSC Holdings, Inc. | Cablevision |
| Adelphia Communications Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP | Adelphia |
| Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano LP | Comcast |
| CBS Corporation | CBS |
| NBC Universal, Inc. | NBC |
| ABC, Inc. | ABC |
| Fox Entertainment Group, Inc. and Fox Broadcasting Company | Fox |
| Rembrandt I Patents: | Rembrandt I Patents: |
| U.S. Patent No. 5,243,627 | '627 Patent |
| U.S. Patent No. 5,852,631 | '631 Patent |
| U.S. Patent No. 5,719,858 | '858 Patent |
| U.S. Patent No. 4,937,819 | '819 Patent |
| Litigation initiated by Rembrandt in 2005 and 2006 involving the '627, '631, '858, and '819 patents. | Rembrandt I litigation |
| Rembrandt II Patents: | Rembrandt II Patents: |
| U.S. Patent No. 5,008,903 | '903 Patent |
| U.S. Patent No. 5,710,761 | '761 Patent |
| U.S. Patent No. 5,778,234 | '234 Patent |

US2000 9807131.4 C8490-331049

| U.S. Patent No. 6,131,159 | '159 Patent |
| U.S. Patent No. 6,950,444 | '444 Patent |
| Litigation initiated by Rembrandt in 2006 involving the '903, '761, '234, '159, and '444 patents. | Rembrandt II litigation |
| Data-Over-Cable Service Interface Specifications | DOCSIS |
| Advanced Television System Committee | ATSC |
| United States District Court for the Eastern District of Texas | E.D. Tex. |
| United States District Court for the District of Delaware | D. Del. |
| United States District Court for the Southern District of New York | S.D.N.Y. |

iv

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION FOR COORDINATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendant CoxCom[1] submits this Memorandum of Law in Support of its Motion for Transfer and Consolidation of the Rembrandt Technologies, LP Patent Litigation pursuant to 28 U.S.C. §1407. CoxCom moves the Panel for an Order transferring and consolidating fourteen (14) related patent infringement actions filed by or against Rembrandt, as well as any actions that may subsequently be filed by or against Rembrandt, asserting similar or related claims to the District of Delaware.[2]

## I.     <u>BACKGROUND OF THE LITIGATION</u>

This Motion seeks transfer and consolidation of fourteen related actions for alleged patent infringement filed by or against Rembrandt in three District Courts, ten of which were filed within the last six months (collectively, the "Actions"). Nine of the Actions allege infringement of numerous overlapping patents relating to the provision of high speed internet services through the use of DOCSIS-compliant equipment. *See, e.g.*, Ex. 13 ¶¶ 19-36[3]; Ex.

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt v. Charter, et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) and *Rembrandt v. Charter, et al.*, No. 2:06-CV-507-TJW (E.D. Tex.). CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom v. Rembrandt*, No. 06-721-GMS (D. Del.).

[2] CoxCom moves the Panel for consolidation of all 14 related patent infringement actions, but suggests that, because of the illogical way in which the claims are grouped in the 14 cases, the most convenient, just and efficient administration of these actions would be achieved if the transferee court severed from the consolidated action the claims of the '627 patent for separate treatment and conduct. Rembrandt asserts the claims of the '627 patent against completely different technology and activity (receipt and transmission of broadcast television signals through ATSC-compliant equipment) than the rest of the patent claims (which are asserted against high speed internet services through DOCSIS-compliant equipment).

[3] Except as otherwise indicted, references to Exhibits 1-42 refer to the Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation filed concurrently herewith. References to Exhibits A-B refer to the exhibits attached to the Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation.

15 ¶¶ 8-32.  Of these nine actions, four also allege infringement of a separate and distinct patent, the '627 patent, relating to the receipt and transmission over the cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.  S*ee, e.g.*, Ex.13 ¶¶ 13-18.  The five remaining actions allege infringement solely of the '627 patent.  *See, e.g.*, Ex. 22 ¶¶ 6-12.   Pursuant to Rule 7.2(a)(ii) of the Rules of the Panel, a schedule of the fourteen Actions is attached as Exhibit A to the Motion.

Due to the large number of overlapping patents asserted in the Actions and the fact that Rembrandt contends that industry standards infringe the patents in suit, the Actions present numerous common issues of fact and law regarding such matters as the technology underlying the patents, the prior art, the construction of the patent claims, the validity, enforceability and the alleged infringement of the patents, and the extent to which the doctrine of prosecution history estoppel precludes any finding of infringement under the doctrine of equivalents.  Accordingly, if the Actions are not transferred and consolidated, needless expense and waste of judicial resources will be incurred as fourteen actions go forward on separate tracks.  Moreover, without transfer and consolidation, there is a serious risk of inconsistent pre-trial rulings (especially on the critical issues of claim construction and prosecution history estoppel) and, thus, the distinct possibility of inconsistent judgments on the merits.  Because the Actions assert infringement based on compliance with industry standards, the effect of having inconsistent rulings regarding industry standards would be significant and deleterious.

By contrast, consolidation in a single district, will conserve judicial resources, reduce costs, prevent duplicative discovery and protect against inconsistent pre-trial rulings and

US2000 9807131.4

contradictory results.  Presumable for these reasons, even Rembrandt believes that transfer

and consolidation under 28 U.S.C. § 1407 is desirable.  Ex. 43 at Ex. C at 13:16-14:10.

## II.    FACTUAL BACKGROUND

### A.    Rembrandt

Rembrandt is a New Jersey limited partnership with its principal place of business in

Bala Cynwyd, Pennsylvania.  Ex. 20 ¶ 2.  Rembrandt is a non-practicing entity ("NPE")—a

firm that invests in patents for the purpose of litigating patent infringement and obtaining

royalties and licenses, but does not practice the patents.  *Id.* ¶¶ 7, 9.  According to its website,

Rembrandt "shoulders the legal, financial, and business risks associated with pursuing patent

pirates and provides the capital and expertise required to litigate complex patent

infringements."  *Id.* ¶ 8.  To pursue such patent infringement litigation, Rembrandt maintains

a "staff of in-house professionals and outside consultants" that "includes scientists, inventors,

financial analysts, lawyers, and researchers who are expert at identifying the validity and

market value of patents and Intellectual Property (IP), and securing revenue for these

inventors and companies as well as Rembrandt's investors."  *Id.*  In fact, Rembrandt

distinguishes itself from other NPEs by emphasizing its willingness and "ability to pursue

patent infringement."  *Id.*  Rembrandt claims to have raised $150 million "to acquire patents

and litigate patent infringement."  *Id.*

Rembrandt filed the Actions in two waves, apparently as it became the assignee of the

various patents in suit.  As a result, the Actions were not broken out in a logical fashion.

Instead, four of the actions assert two separate and unrelated sets of patents and accuse two

separate and unrelated industry standards.  Despite this timing issue, the two waves of

litigation ("Rembrandt I" and "Rembrandt II") overlap significantly with regard to the

US2000 9807131.4

alleged infringers and the accused activities as they relate to those patents implicating the

DOCSIS industry standard.  Those cases asserting the '627 patent (implicating the ATSC

industry standard) also overlap with respect to the accused activities.

### B.    The Present Actions

| NAME OF ACTION | DISTRICT COURT | CIVIL ACTION NUMBER |
|---|---|---|
| *Rembrandt I Litigation* | | |
| *Rembrandt Technologies, LP v. Sharp Corp., et al.* | E.D. Tex. | 2:06-cv-047 |
| *Rembrandt Technologies, LP v. Comcast Corp., et al.* | E.D. Tex. | 2:05-cv-443 |
| *Rembrandt Technologies, LP v. Time Warner Cable, Inc.* | E.D. Tex. | 2:06-cv-224 |
| *Rembrandt Technologies, LP v. Charter Commc'n, et al.* | E.D. Tex. | 2:06-cv-223 |
| *Rembrandt Technologies, LP v. Cablevision Sys., et al.* | D. Del. | 1:06-cv-635 |
| *Rembrandt Technologies, LP v. CBS Corp.* | D. Del. | 1:06-cv-727 |
| *Rembrandt Technologies, LP v. NBC Universal, Inc.* | D. Del. | 1:06-cv-729 |
| *Rembrandt Technologies, LP v. ABC, Inc.* | D. Del. | 1:06-cv-730 |
| *Rembrandt Technologies, LP v. Fox Entm't Group, Inc., et al.* | D. Del. | 1:06-cv-731 |
| | | |
| *Rembrandt II Litigation* | | |
| *Rembrandt Technologies, LP v. Comcast Corp., et al.* | E.D. Tex. | 2:06-cv-506 |
| *Rembrandt Technologies, LP v. Time Warner Cable, Inc.* | E.D. Tex. | 2:06-cv-369 |
| *Rembrandt Technologies, LP v. Charter Commc'n, et al.* | E.D. Tex. | 2:06-cv-507 |
| *CoxCom, Inc.  v. Rembrandt Technologies, LP* | D. Del. | 1:06-cv-721 |
| *Rembrandt Technologies, LP v. Adelphia Commc'n Corp., et al.* | S.D.N.Y. | 1:07-cv-214 |

The Rembrandt I litigation includes nine cases against fifteen current defendants

spanning three industries (cable, television broadcast, and manufacturing) and asserts

infringement of up to five patents.  One of the five patents asserted in the Rembrandt I

litigation, the '627 patent, is asserted against each of the fifteen current Rembrandt I

defendants.  Rembrandt contends that the '627 patent covers the receipt and transmission of

ATSC-compliant television broadcast signals.  *See, e.g.*, Ex. 13 ¶¶ 13-18.  The remaining

four patents asserted in the Rembrandt I litigation do not relate to the transmission of

-4-

television signals.  Instead, Rembrandt asserts the remaining four patents against the provision of high speed internet service through the use of DOCSIS-compliant cable modems and related equipment.  Ex. 13 ¶¶ 19-36; *see also* Ex 19 at 1-3.

The Rembrandt II litigation includes three cases filed by Rembrandt in the E.D. Tex. against seven cable service providers (all of whom are also defendants in the Rembrandt I litigation), a declaratory judgment action filed by CoxCom in the D. Del., and an action filed in the S.D.N.Y against Adelphia.[4]  In the Rembrandt II litigation, Rembrandt alleges infringement of five patents based on the Defendants' provision of high speed internet service and accuses the same DOCSIS-compliant equipment that is accused in the Rembrandt I litigation.[5]  *See, e.g.*, Ex. 15 ¶¶ 8-32; *see also* Ex. 32 ¶¶ 20-28.

But for the claim of infringement based on the '627 patent, all of the infringement claims in the Rembrandt I and Rembrandt II actions relate to the provision of high speed internet and related services using DOCSIS-compliant cable modems and related equipment. Because of the illogical way in which these actions were filed, it is necessary to consolidate not only all of those cases asserting patents implicating the DOCSIS industry standard, but also those cases asserting the '627 patent implicating the ATSC industry standard.

### 1.    The Rembrandt I Litigation.

#### a.    *Rembrandt v. Sharp, No. 2:06-cv-047 (E.D. Tex.).*

Rembrandt filed the *Sharp* action on February 3, 2006, in the E.D. Tex., asserting the '627 patent.  *See* Ex. 1 ¶¶ 6-10.  As of March 6, 2007, the defendants have answered and

---

[4]  The lawsuit against Adelphia was initiated as an adversary proceeding filed in Adelphia's bankruptcy matter.  *See* Ex. 33.

[5] For the Panel's convenience, a table identifying the asserted patents, the actions in which they have been asserted and the industry standards which are accused is attached to the Motion as Exhibit B.

-5-

filed counterclaims, which also have been answered.  No discovery has been taken and no substantive orders have been issued.  *See* Ex. 2.  In fact, the court just presided over the initial case management conference on February 20, 2007.  *Id.*

**b.      *Rembrandt v. Comcast, et al.,* No. 2:05-cv-443 (E.D. Tex.).**

Rembrandt filed the first *Comcast* complaint on September 16, 2005 in the E.D. Tex., asserting the '627 patent against the ATSC standard and three other patents ('631, '819, and '858) against DOCSIS.  *See* Ex. 3 ¶¶ 13-30.   There have been no substantive orders issued.  *See* Ex. 4.  A claim construction hearing was to be held on February 8, 2007.  However, after granting a motion to disqualify Rembrandt's counsel, the court canceled the hearing, suspended all deadlines and ordered the parties to submit a proposed schedule after plaintiff retained new counsel and such counsel appeared in the case.  Ex. 5; Ex. 6.  No new schedule has yet been proposed to or issued by the court.  Ex. 4.

**c.      *Rembrandt v. Time Warner,* No. 2:06-cv-224 (E.D. Tex.) and *Rembrandt v. Charter, et al.,* No. 2:06-cv-223 (E.D. Tex.).**

On June 1, 2006, Rembrandt filed actions in the E.D. Tex. against Time Warner, Charter, CoxCom and their respective related entities, asserting the same patents ('627, '631, '819, '858) Rembrandt asserted in the *Comcast* case.  *See* Ex. 9 ¶¶ 6-29; Ex. 13 ¶¶ 13-36.  As of March 6, 2007, the defendants have answered and filed counterclaims, which have been answered.  *See* Ex. 10; Ex. 14.  CoxCom moved to dismiss for lack of personal jurisdiction.  *Id.*  No discovery has been taken and no substantive orders have been issued.  *Id.*; Ex. 10.

**d.      *Rembrandt v. Cablevision,* No. 1:06-cv-635 (D. Del.).**

On October 13, 2006, Rembrandt filed an action against Cablevision in the D. Del., asserting the same four patents ('627, '631, '819, '858) Rembrandt asserted in the prior E.D.

US2000 9807131.4

Tex. cases, and an additional patent (the '903 patent) against DOCSIS. *See* Ex. 17 ¶¶ 8-37.

As of March 6, 2007, the defendants have answered and filed counterclaims, which also have

been answered. *See* Ex. 18. Within the last month, defendants have served written discovery

requests and their mandatory disclosures required by Rule 26(a) of the Federal Rules of Civil

Procedure. *Id.* No substantive orders have issued. *Id.*

> **e.**      ***Rembrandt v. CBS, No. 1:06-cv-727 (D. Del.); Rembrandt v.
> NBC, No. 1:06-cv-729 (D. Del.); Rembrandt v. ABC, No. 1:06-
> cv-730 (D. Del.),* and *Rembrandt v. Fox, No. 1:06-cv-731 (D.
> Del.).***

On December 1, 2006, Rembrandt filed in the D. Del. four separate actions against

CBS, NBC, ABC and Fox broadcasting companies asserting the '627 patent. *See* Ex. 22 ¶¶

6-12; Ex. 24 ¶¶ 6-12; Ex. 26 ¶¶ 6-12; Ex. 28 ¶¶ 7-13. As of March 6, 2007, the defendants

have answered and filed counterclaims, which also have been answered. *See* Ex. 23; Ex. 25;

Ex. 27; Ex. 29. No discovery has been taken and no substantive orders have been issued. *Id.*

## 2.      The Rembrandt II Litigation.

> **a.**      ***Rembrandt v. Time Warner, No. 2:06-cv-369 (E.D. Tex.).***

On September 13, 2006, Rembrandt initiated a new wave of litigation against the

cable service providers with an action against Time Warner filed in the E.D. Tex., asserting

five additional patents against DOCSIS. *See* Ex. 11 ¶¶ 11-35. Specifically, Rembrandt's

complaint asserts infringement of the '761, '234, '159, '444 and '903 patents. *Id.* Time

Warner has answered and filed counterclaims, which have been answered. *See* Ex. 12. On

February 23, 2007, Rembrandt moved for leave to amend its complaint. *Id.* No discovery

has been taken and no substantive orders have been issued. *Id.*

          **b.**      ***Rembrandt v. Comcast, No. 2:06-cv-506 (E.D. Tex.)* and**
                  ***Rembrandt v. Charter, et al., No. 2:06-cv-507 (E.D. Tex.).***

On November 30, 2006, Rembrandt filed two more actions against cable companies
Comcast, Charter, CoxCom, and their respective related entities, asserting infringement of
the same five additional patents ('761, '234, '159, '444 and '903) against DOCSIS. *See* Ex.
7 ¶¶ 6-30; Ex. 15 ¶¶ 8-32. As of March 6, 2007, the defendants have answered and filed
counterclaims, which have been answered. *See* Ex. 8; Ex. 16. CoxCom has moved for
dismissal or, in the alternative, to transfer to the D. Del. *Id.* No discovery has been taken
and no substantive orders have been issued. *Id.*; Ex. 16.

          **c.**      ***CoxCom v. Rembrandt, No. 1:06-cv-721 (D. Del.).***

CoxCom filed a declaratory judgment action in the D. Del. on November 30, 2006,
seeking declarations as to the noninfringement and invalidity as to the '903 patent. *See* Ex.
20 ¶¶ 18-22. The declaratory judgment action was filed four hours before Rembrandt filed
suit against CoxCom in the E.D. Tex. Rembrandt has moved to dismiss the action. *See* Ex.
21. No discovery has been taken and no substantive orders have been issued. *Id.*

          **d.**      ***Rembrandt v. Adelphia, No. 1:07-cv-214 (S.D.N.Y.).***

On September 13, 2006, Rembrandt filed an adversary proceeding in the Adelphia
bankruptcy action pending in the S.D.N.Y., asserting four of the DOCSIS patents asserted
against the other cable companies (the '761, '234, '159, and '444 patents). *See* Ex. 33 ¶¶ 18-
37. On January 10, 2007, Rembrandt moved to withdraw the reference to the bankruptcy
court so that the litigation would proceed in the district court. *See* Ex. 30. Adelphia has filed
an opposition to the motion. *See Id.*. The motion has not yet been resolved. *Id.*

III. __ARGUMENT__

Under 28 U.S.C. § 1407(a), civil actions "involving one or more common questions of fact," pending in different federal districts may be transferred to a single district for coordinated or consolidated pretrial proceedings. Transfers are appropriate if the Panel determines that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* The Actions involved in this litigation easily satisfy each of these requirements.

A. **The Actions Present Many Common Questions of Fact.**

The Panel has recognized that actions involving overlapping patents are particularly well-suited for consolidation under 28 U.S.C. §1407 because they, by their very nature, present many common questions of fact. For example, in *In re Acacia Media Techs. Corp. Patent Litg.*, the Panel recognized that when overlapping patents are asserted in multiple actions, "[a]ll actions . . . can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents." 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005); *accord In re PharmaStem Therapeutics, Inc., Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005) (consolidating five actions asserting overlapping patents with a related unfair competition action); *In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380 (ordering consolidation of three actions dealing with cellular phone and/or modem products, on the basis that overlapping complex patents, "can thus be expected to share factual and legal questions concerning such matters as patent validity, prior art, obviousness and interpretation if various claims of the patents.").

-9-

Here, Rembrandt has asserted many overlapping patents in each of the Actions. Specifically, as shown in Exhibit B attached to the Motion:

- Four (4) patents ('761, '234, '159 and '444) have been asserted in four actions;
- Three (3) patents ('631, '858, and '819) have been asserted in four actions;
- One (1) patent ('903) has been asserted in five actions; and
- One (1) patent ('627) has been asserted in nine actions.

Due to the large number of overlapping patents asserted by Rembrandt in the Actions, this litigation involves many common questions of fact. Each of the Actions involve allegations of infringement, invalidity and enforceability issues common to the overlapping patents. The Actions, therefore, can be expected to share factual and legal questions concerning such matters as the technology underlying the patents, the scope and content of the prior art, claim construction, the prosecution histories of the asserted patents and any inequitable conduct and/or unreasonable delays (prosecution laches) committed during their prosecution, and/or issues of infringement involving the patents.

The Panel has routinely recognized that the issue of infringement are likely to raise common questions of fact in multidistrict patent litigation actions. *See In re Acacia Media Techs. Corp. Patent Litg.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) (where overlapping patents are asserted in multiple actions it can be expected that they share factual and legal questions concerning issues such as infringement involving the patents); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (ordering consolidation of six actions involving common infringement and invalidity contentions). Furthermore, when actions involve the same underlying technology, as these do here, claims of infringement as to each defendant will necessarily involve common questions of fact.

-10-

All of the Actions involve the same underlying technologies and industry standards—
the provision of high speed internet services by virtue of DOCSIS-compliant modems and
related equipment; or, in the case of the '627 patent, the receipt and transmission of ATSC-
compliant television broadcast signals.  Because the accused systems in each of the Actions
is DOCSIS-compliant or ATSC-compliant, claims of infringement as to each defendant will
necessarily involve common questions of fact, therefore making them appropriate for
consolidation.  *See* Ex. 43 at Ex. C at 5:22-7:20 (arguing that the DOCSIS standard infringes
and, thus, any services that comply with the standard also infringe); *see also In re FMC
Corp. Patent Litig.*, 422 F.Supp. 1163, 1165 (J.P.M.L. 1976) (finding that because all the
defendants used the same product, common factual questions concerning the infringement
issues were also present).  In fact, Rembrandt recently acknowledged that the alleged
infringing activity of any specific defendant is not unique.  Instead, it is the defendants'
compliance with the industry standards that is accused.  *See* Ex. 43 at Ex. C at 5:22-7:9.

Further, the question of damages will present many other common issues of fact
among the Actions.  Because Rembrandt is not a competitor of the defendants, Rembrandt is
expected to seek damages in the form of a reasonable royalties *see, e.g.*, Ex. 42, which
involves consideration of multiple factors as set forth in the seminal case of *Georgia-Pacific
Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified
and aff'd*, 446 F.2d 295 (2d Cir. 1971).  Because many of these factors relate to the specific
patent or patent owner involved in the case, each patent for which Rembrandt seeks damages
will present numerous common factual issues.  Also, Rembrandt has offered to license the
'627 patent under reasonable terms and conditions on a non-discriminatory, non-exclusive
basis.  *See* Ex. 42.  Thus, the terms and conditions of any such licenses will be common to all

-11-

of the defendants against whom the '627 patent has been asserted. Moreover, because the claims relating to the provision of high speed internet services straddle both Rembrandt I and Rembrandt II actions, because the claims accuse the same equipment, and because seven of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, there is a risk that Rembrandt may receive overlapping damages for the same activity at issue in the Rembrandt I and Rembrandt II actions

The Actions all involve common questions of fact; thus, transfer and consolidation would serve the convenience of the parties and witness and would promote the just and efficient conduct of the Actions. Because of these common questions, centralization would eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

**B.    Transfer and Consolidation Would Serve the Convenience of the Parties.**

There can be no question that consolidation and transfer to a single district would serve the convenience of the parties. The claims relating to the provision of high speed internet and related services accuse the same DOCSIS-compliant equipment—cable modems and related equipment used by the defendants to provide high speed internet service. However, because some of these claims are asserted in the Rembrandt I actions while other, related claims are asserted in the Rembrandt II actions and because many of the cable service provider defendants have been sued in both the Rembrandt I and Rembrandt II actions, it is expected that the cable service provider defendants and the third parties who supply and manufacture the accused equipment will be subjected to burdensome and inefficient discovery as they are forced to respond to overlapping and duplicative discovery requested in the separate actions. For example, in *Rembrandt v. Comcast*, No. 2:05-CV-443 (E.D. Tex.),

-12-

Rembrandt has already served subpoenas on over forty (40) third party vendors seeking
identical discovery information regarding the accused DOCSIS-compliant devices supplied
to the defendants. *See* Ex. 41. Because the defendants in both Rembrandt I and Rembrandt
II rely on the same group of vendors and manufacturers to supply them with the accused
equipment, it is expected that Rembrandt will pursue the same information from each of the
third party vendors in each Action, resulting in unnecessary, duplicative discovery.

Unnecessary, duplicative discovery is exactly what 28 U.S.C. § 1407 was designed to
avoid. *In re Multidistrict Litig. Involving Frost Patent*, 316 F. Supp. 977, 979 (J.P.M.L.
1970) ("Section 1407 was intended to provide a procedure which would insure that
repetitious and duplicative discovery is avoided by providing that all related actions be
assigned to a single judge). Coordination of discovery in this case, however, would
eliminate this possibility. It would reduce the burden of both the defendants and plaintiff in
pursuing discovery on the many common issues. It will also benefit the third party vendors
and manufacturers, who may possess information relevant to each action, by avoiding the
possibility of having to engage in identical discovery efforts for each of the fourteen Actions.
Thus, it is clear that consolidation and transfer to a single district would serve the
convenience of the parties by avoiding costly and unnecessarily duplicative discovery.

### C.    Transfer and Consolidation Would Promote Just and Efficient Conduct of the Actions.

As Rembrandt recently agreed during a hearing held in the Adelphia matter, transfer
and consolidation would also promote just and efficient conduct of the Actions. *See* Ex. 43
at Ex. C at 13:16-13:23. Without consolidation, the Actions would likely proceed in a
manner that is contrary to the meaning of judicial economy. If allowed to proceed

-13-

separately, these Actions will follow a costly and inefficient path, resulting in wasteful, duplicative discovery and create the potential for inconsistent pretrial rulings.  By ordering consolidation, however, the Panel will ensure that the resources of the party and judiciary are used in their most judicious manner, avoiding the potential for conflicting rulings and inconsistent claim constructions.

Under *Markman v. Westview Instuments, Inc.*, it is the obligation of each district court to construe the claims of a patent as a matter of law.  517 U.S. 370, 388-91 (1996).  While the prior claim constructions of other courts are relevant and persuasive authority, each district court must make its own judgment as to claim construction.  *Texas Instruments, Inc. v. Linear Tech. Corp.*, 182 F. Supp. 2d 580, 589 (E.D. Tex. 2002).  Here, given the large number of Actions asserting overlapping, complex patents in at least three different courts, the parties face the untenable prospect of several different claim constructions on identical claim terms.  Such varying claim constructions could result in contradictory determinations on the core issues of infringement and invalidity.  Consolidation is therefore necessary to ensure uniform application of the patent claims across all the Actions.  *See In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) ("Centralization . . . is necessary in order to . . . prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claim construction . . . ."); *see also In re Mosaid Tech., Inc. Patent Litig.*, 283 F. Supp. 2d 1359, 1360 (J.P.M.L. 2003) (same).

As noted above, Rembrandt's assertion of so many overlapping patents means that the defendants will all pursue much of the same discovery to elicit facts to support their defenses.  For example, all defendants can be expected to pursue documents and depositions supporting the defense of invalidity based on anticipation or obviousness, including

-14-

documents and depositions relating to the same prior inventions, prior printed publications, prior commercial sales and prior uses. *See* 35 U.S.C. §§ 102, 103. All defendants are also likely to see discovery relating to the enforceability of the asserted patents, including any inequitable conduct during their prosecution and/or unreasonable prosecution delays, which would result in a finding of prosecution laches. *See, e.g. Symbol Techs., Inc. v. Lemelson Med. Edu. & Research Found., L.P.*, 422 F.3d 1378, 1384-85, *amended on other grounds by* 429 F.3d 1051 (Fed. Cir. 2005). Furthermore, the defendants will also seek the same damages discovery relating to reasonable royalty factors, thereby resulting in duplicative and wasteful discovery efforts. Consolidation and coordination of the Actions for pretrial proceedings would therefore promote the just and efficient conduct of the Actions by avoiding wasteful and duplicative discovery efforts as well as inconsistent pretrial rulings.

Finally, but for the claim of infringement of the '627 patent, all of Rembrandt's infringement claims relate to the provision of high speed internet and related services by virtue of DOCSIS-compliant cable modems and related equipment. By consolidating all of the Actions in one forum, the transferee court will, at its discretion, be able to sever out and consolidate those claims relating to the '627 patent/ATSC standard, while preserving the consolidation of all the actions involving patents implicating the DOCSIS industry standard.

## III.    THE DISTRICT COURT OF DELAWARE IS THE APPROPRIATE TRANSFEREE DISTRICT.

Consolidation and transfer to the District of Delaware, before Judge Gregory M. Sleet, is the most appropriate action. Factors considered by the Panel when selecting a particular transferee forum include: (1) the pendency in that district of a number of the actions; (2) the court's familiarity with the issues; (3) the district or judge's willingness to

-15-

accept responsibility for conducting coordinated or consolidated pretrial proceedings; and (4)

the favorable status of the civil docket. *In re PharmaStem Therapeutics, Inc. Patent Litig.*,

360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005) (transfer to judge who was already familiar with

the technology involved and who had related cases pending within his district); *In re*

*Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (Panel gave weight to

the judge's familiarity with the patents at issue, the pendency of 5 of the 6 actions within that

district, and the judge's favorable caseload); *In re FMC Corp. Patent Litig.*, 422 F. Supp.

1163, 1165 (J.P.M.L. 1976) (transfer to judge who is more familiar with patents involved and

related cases were in a more advanced stage of discovery); *In re Ampicillin Antitrust Litig.*,

315 F. Supp. 317, 319 (J.P.M.L. 1970) (stating that "availability of an experienced and

capable judge familiar with the litigation is one of the more important factors in selecting a

transferee forum").  The Panel also considers public and judicial policies when determining

whether and where to consolidate separate proceedings pursuant to 28 U.S.C. § 1407.

## A.    Number of Related Cases and Parties Pending in Delaware.

Of the fourteen actions currently at issue, at least six of the actions are currently

pending before Judge Sleet in the District of Delaware.  In situations where there are actions

currently pending in a district, the Panel has expressed "a strong policy favoring the litigation

of related claims in the same tribunal."  *In re Koratron*, 302 F. Supp. 239, 243 (J.P.M.L.

1969); *see also In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380 (J.P.M.L. 2002); *In re*

*CBS Color Tube Patent Litig.*, 329 F. Supp. 540 (J.P.M.L. 1971).  Given the Panel's strong

policy favoring transfer to forums where related cases are currently pending and given that a

number of the actions are currently proceeding before Judge Sleet in the District of

Delaware, transfer and consolidation in the District of Delaware is appropriate.

-16-

**B.      Judge Sleet is Familiar with the Patents.**

More importantly, however, Judge Sleet is familiar with and has some understanding of the complex technology at issue in the Actions.  The Panel has repeatedly recognized that "the availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum . . . ."  *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319 (J.P.M.L. 1970).  This is especially true when dealing with patent litigation involving complex technologies.  *In re PharmaStem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362 (J.P.M.L. 2005) (transfer to district judge who was familiar with technologies involved); *In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380 (J.P.M.L. 2002) (ordering transfer to district judge who is familiar with the underlying issues); *In re Panty Hose Seaming Patent Litig.*, 402 F. Supp. 1401 (J.P.M.L. 1975) (judge's familiarity with patents in suit cited as only reason for transfer).

Here, each of the six actions currently pending before Judge Sleet assert claims relating to five of the nine patents at issue the Actions.  Moreover, the actions pending before Judge Sleet implicate both of the industry standards at issue—ATSC and DOCSIS.  As such, Judge Sleet has the opportunity to gain familiarity with a number of the patents at issue in the Actions.  Furthermore, Judge Sleet, having presided over a number of complex patent litigation cases in the past, including a multidistrict litigation matter *see* Ex. 35, has demonstrated an understanding and ability to effectively administer this type of complex patent litigation.  In fact, Judge Sleet has already indicated an interest in at least coordinating the six Rembrandt actions pending in Delaware.  *See* Ex. 19 at 3-4.  Thus, consolidation and transfer before Judge Sleet in the District of Delaware is most appropriate.

-17-

US2000 9807131.4

### C.     The Delaware Docket is Less Congested.

Of the three districts in which actions are currently pending, Delaware is the least

congested, making it the logical choice for transfer.  The Panel often considers the

congestion of the proposed docket when determining the appropriate transferee forum

pursuant to 28 U.S.C. § 1407.  *In re Laughlin Prods., Inc. Patent Litig.*, 240 F. Supp. 2d

1358, 1359 (J.P.M.L. 2003) (transfer to a district that "enjoys general caseload conditions . . .

with the present resources to devote time to pretrial matters" is preferable);  *In re*

*Compensation of Managerial, Professional & Technical Employees Antitrust Litig.*, 206 F.

Supp. 2d 1374 (J.P.M.L. 2002) (transfer to district not already burdened with a complex

docket was appropriate).  According to the *2005 Annual Report of the Administrative Office*

*of the United States Courts*, the number of civil cases pending in the D. Del. has decreased

more than twelve percent from 2005 to 2006.  *2005 Annual Report of the Administrative*

*Office of the United States Courts*, Table C.[6]  There has also been a corresponding 17.3%

decrease in the number of pending cases in the D. Del. in 2006, dropping from 1,733 cases in

2005 to 1,433 cases in 2006.  *Federal Judicial Caseload Statistics*, March 31, 2006,

Administrative Office of the United States Courts.[7]   Furthermore, based on the Federal

Docket reports, Judge Sleet currently has 64 patent cases pending, demonstrating his

familiarity with patent issues.[8]  Overall, it appears that the District of Delaware is less

---

[6]  The *2005 Annual Report of the Administrative Office of the United States Courts*, Table C provides statistics for the 24-month period ending on March 31, 2006.   A copy of which is attached as Exhibit 36.

[7] A copy of which is attached as Exhibit 37.

[8] A copy of the docket for all patent cases pending before Judge Sleet is attached as Exhibit 38.

-18-

congested than either the E.D. Tex. or the S.D.N.Y.[9]  Thus, it is clear that Judge Sleet in the

has the docket, availability and resources necessary to handle this complex patent litigation.

### D.     Delaware is Home Jurisdiction to Many Defendants.

CoxCom, like most of the defendants involved in the Actions,[10] is incorporated in

Delaware.  As the home jurisdiction for most of the defendants, the D. Del. would be

convenient for parties, witnesses and discovery.  CoxCom and the other Delaware

corporations would be subject to jurisdiction in Delaware, therefore making venue and

jurisdiction proper, eliminating the possibility for expensive and time-consuming motions

practice.  Accordingly, the D. Del. is an appropriate venue for transfer and consolidation.

### E.     Policy Considerations Favor Transfer to Delaware.

Policy considerations also support consolidation in the D. Del.  The purpose behind

28 U.S.C. § 1407 is "'to promote the just and efficient conduct' of multidistrict actions, in

part, by 'eliminating the potential for conflicting contemporaneous rulings by coordinate

district and appellate courts.'"  *In re Air Crash off Long Island, New York*, 965 F. Supp. 5, 7

(S.D.N.Y. 1997) (quoting *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1179 (D.C. Cir.

1987)).  Cases moving forward in many different courts could subject the parties to differing

pre-trial judgments and rulings that could affect the final outcomes of the cases.  This could

---

[9] *See* the 2006 Federal Judicial Caseload Statistics for the United States District Court for the District of Delaware, Eastern District of Texas and Southern District of New York, attached as Exhibits 37, 39, & 40, respectively.

[10] The following defendants are incorporated in Delaware: Comcast of Plano, LP; Time Warner Cable, Inc.; Charter Communications, Inc.; Charter Communications Operating, LLC; CSC Holdings, Inc.; Cablevision Systems Corp.; CBS Corporation; NBC Universal, Inc.; Fox Entertainment Group, Inc.; Fox Broadcasting Company; Adelphia Communications Corporation; Century-TCI California, LP, Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; Parnassos, LP; and Western NY Cablevision, LP.

-19-

result in inconsistent claim constructions and evidentiary rulings for identical claims, technology, and systems, which is contrary to the very purposes for which the multidistrict transfer and consolidation statute was created. As such, consolidation in Delaware before Judge Sleet, is preferable as it would serve to promote the interests of judicial economy and efficiency for which the statute was created by eliminating the possibility of inconsistent claim construction, pretrial rulings and duplicative discovery.

## IV.  CONCLUSION

For the foregoing reasons, and the reasons to be stated in any reply brief and any oral argument on this matter, CoxCom respectfully requests that the Panel grant its Motion for Transfer and Consolidation and order that the Actions be consolidated and transferred to United States District Court for the District of Delaware before Judge Sleet for coordinated pretrial proceedings.

Respectfully submitted, this the 9th day of March 2007.

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**Attorneys for COXCOM, INC.**

-20-

US2000 9807131.4

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>Rembrandt Technologies, LP Patent Litigation | MDL Docket No. |

**EXHIBITS IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

In compliance with Rule 7.1(g) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation (the "Panel"), Defendant CoxCom, Inc. ("CoxCom")[1] herwith

submits copies of the following referenced exhibits in support of its Motion For Transfer and

Consolidation of Rembrandt Technologies Patent Litigation, file concurrently:

| Exhibit 1 | Plaintiff Rembrandt Technologies, LP Complaint, filed on February 3, 2006, in the matter of *Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation,* No. 2:06-cv-047 (E.D. Tex.) |
| Exhibit 2 | Docket Report in the matter of *Rembrandt Technologies, LP v. Sharp Corporation and Sharp Electronics Corporation,* No. 2:06-cv-047 (E.D. Tex). |
| Exhibit 3 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement, filed on September 16, 2005, in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 4 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 5 | Memorandum Opinion and Order of Judge Ward filed February 8, 2007 Granting Motion to disqualify counsel Fish & Richardson in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 6 | Order of Judge Ward filed February 8, 2007 Granting Motion to suspend all deadlines pending appointment of new counsel for plaintiff in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:05-cv-443 (E.D. Tex.) |
| Exhibit 7 | Plaintiff Rembrandt Technologies, LP First Amended Complaint, filed on December 21, 2006, in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP*, No. 2:06-cv-506 (E.D. Tex.) |
| Exhibit 8 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano,* |

---

[1] CoxCom is a defendant in the recently filed cases of *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-223-TJW (E.D. Tex.) (Marshall Division) and *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, No. 2:06-CV-507-TJW (E.D. Tex.) (Marshall Division). CoxCom is also a plaintiff in the recently filed declaratory judgment action of *CoxCom, Inc. v. Rembrandt Technologies, L.P.*, No. 06-721-GMS (D. Del.).

| | *LP*, No. 2:06-cv-506 (E.D. Tex.) |
|---|---|
| Exhibit 9 | Plaintiff Rembrandt Technologies, LP Complaint filed on June 1, 2006 in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-224 (E.D. Tex.) |
| Exhibit 10 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-224 (E.D. Tex.) |
| Exhibit 11 | Plaintiff Rembrandt Technologies, LP First Amended Complaint filed on February 23, 2007 in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-369 (E.D. Tex.) |
| Exhibit 12 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Time Warner Cable, Inc.,* No. 2:06-cv-369 (E.D. Tex.) |
| Exhibit 13 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement filed on June 1, 2006 in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation*, No. 2:06-cv-223 (E.D. Tex.) |
| Exhibit 14 | Docket sheet in the matter *Rembrandt Technologies, LP v. Charter Communications, Inc.; Charter Communications Operating, LLC; Cox Communications, Inc., Cox Enterprises, Inc.; CoxCom, Inc.; CSC Holdings, Inc., and Cablevision Systems Corporation*, No. 2:06-cv-223 (E.D. Tex.) |
| Exhibit 15 | Plaintiff Rembrandt Technologies, LP First Amended Complaint filed December 1, 2006 in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc., Charter Communications Operating, LLC, and CoxCom, Inc.,* No. 2:06-cv-507 (E.D. Tex.) |
| Exhibit 16 | Docket Sheet in the matter of *Rembrandt Technologies, LP v. Charter Communications, Inc., Charter Communications Operating, LLC, and CoxCom, Inc.,* No. 2:06-cv-507 (E.D. Tex.) |
| Exhibit 17 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement filed on October 13, 2006 in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 18 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 19 | Joint Status Report filed on February 9, 2007 in the matter of *Rembrandt Technologies, LP v. Cablevision Systems Corporation and CSC Holdings, Inc.*, No. 1:06-cv-635 (D. Del.) |
| Exhibit 20 | Plaintiff CoxCom, Inc. Complaint for Declaratory Judgment filed on November 30, 2006 in the matter of *CoxCom, Inc. v. Rembrandt Technologies, LP*, No. 1:06-cv-721 (D. Del.) |
| Exhibit 21 | Docket sheet in the matter of *CoxCom, Inc. v. Rembrandt Technologies, LP*, No. 1:06-cv-721 (D. Del.) |
| Exhibit 22 | Plaintiff Rembrandt Technologies, Inc. Complaint for Patent Infringement and Demand for Jury Trial filed on December 1, 2006 in the matter of |

3

| | *Rembrandt Technologies, LP v. CBS Corporation*, No. 1:06-cv-727 (D. Del.) |
|---|---|
| Exhibit 23 | Docket sheet in the matter of *Rembrandt Technologies, LP v. CBS Corporation*, No. 1:06-cv-727 (D. Del.) |
| Exhibit 24 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. NBC Universal, Inc.*, No. 1:06-cv-729 (D. Del.) |
| Exhibit 25 | Docket sheet in the matter of *Rembrandt Technologies, LP v. NBC Universal, Inc.*, No. 1:06-cv-729 (D. Del.) |
| Exhibit 26 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. ABC. Inc.*, No. 1:06-cv-730 (D. Del.) |
| Exhibit 27 | Docket sheet in the matter of *Rembrandt Technologies, LP v. ABC. Inc.*, No. 1:06-cv-730 (D. Del.) |
| Exhibit 28 | Plaintiff Rembrandt Technologies, LP Complaint for Patent Infringement and Demand for Jury trial filed on December 1, 2006 in the matter of *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company*, No. 1:06-cv-731 (D. Del.) |
| Exhibit 29 | Docket sheet in the matter of *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc. and Fox Broadcasting Company*, No. 1:06-cv-731 (D. Del.) |
| Exhibit 30 | Plaintiff Rembrandt Technologies, LP's Motion to Withdraw the Reference to the Bankruptcy Court filed on January 11, 2007 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, No. 1:07-cv-214 (S.D. New York). |
| Exhibit 31 | Docket sheet in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, No. 1:07-cv-214 (S.D. New York). |
| Exhibit 32 | Preliminary Expert Report of Kevin C. Almeroth dated November 13, 2006 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century- TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, No. 1:07-cv-214 (S.D. New York). |

4

| Exhibit 33 | Plaintiff Rembrandt Technologies, LP's Complaint for Post-Petition Patent Infringement filed on September 13, 2006 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, Adversary Proceeding No. 06-1739 (S.D. New York). |
|---|---|
| Exhibit 34 | Docket sheet in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century- TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP*, Adversary Proceeding No. 06-1739 (S.D. New York). |
| Exhibit 35 | Transfer Order filed on February 16, 2005, I*n Re Pharmastem Therapeutics, Inc., Patent Litigation,* Judicial Panel on Multidistrict Litigation Case No. 1:05-md-01660. |
| Exhibit 36 | 2005 Annual Report of the Administrative Office of the United States Courts Table C: U.S. District Courts- Civil Cases Commenced, Terminated and Pending During the 12-month Periods Ending Marcy 31, 2005 and 2006. |
| Exhibit 37 | U.S. District Court Judicial Caseload Profile for the District of Delaware. |
| Exhibit 38 | Docket List of Pending Patent Cases in the District of Delaware before Judge Sleet. |
| Exhibit 39 | U.S. District Court Judicial Caseload Profile for the Eastern District of Texas. |
| Exhibit 40 | U.S. District Court Judicial Caseload Profile for the Southern District of New York. |
| Exhibit 41 | Declaration of Brian Ferrall |
| Exhibit 42 | February 14, 2007 Letter to counsel for Cox Communication, Inc. from Rembrandt |
| Exhibit 43 | Declaration of Eilish M. Cahalan in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion to Withdraw the Reference to the Bankruptcy Court filed March 2, 2007 in the matter of *In Re Adelphia Communication Corp. Rembrandt Technologies, LP v. Adelphia Communications Corp. Corporation, Century-TCI California Communications, LP, Century- TCI Distribution Company, LLC, Century-TCI Holdings, LLC, Parnassos, L.P., Parnassos Communications, LP, Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP,* No. 1:07-cv-214 (S.D. New York). |

This the 9th day of March 2007.

_____
Mitchell G. Stockwell
R. Scott Griffin
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent | )     MDL Docket No. |
| Litigation | ) |
| | ) |

**NOTICE OF APPEARANCE OF COUNSEL**
**REPRESENTING DEFENDANT COXCOM, INC.**

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of defendant CoxCom, Inc. I am aware that only one attorney can be designated for each party.

Dated: March 9th, 2007.

By: _Mitchell G. Stockwell_
      Mitchell G. Stockwell
      KILPATRICK STOCKTON
      1100 Peachtree Street
      Suite 2800
      Atlanta, Georgia 30309
      (404) 815-6214
      (404) 541-3403 (facsimile)

      **Attorney for Defendant COXCOM,**
      **INC**.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Rembrandt Technologies, LP Patent | )    MDL Docket No. |
| Litigation | ) |
| | ) |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 5.3 of the Rules of Procedure of the Judicial Panel for Multidistrict

Litigation, Defendant Coxcom, Inc., through its attorneys, declares that Coxcom, Inc. is a

wholly owned subsidiary of Cox Enterprises, Inc., a privately owned company.

Dated: March 9th, 2006.

By:    _Mitchell G. Stockton_

Mitchell G. Stockton
KILPATRICK STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555

**Attorney For Defendant:
COXCOM, INC**.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>Rembrandt Technologies, LP Patent<br>Litigation | MDL Docket No. |

**CERTIFICATE OF SERVICE**

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**ATTORNEYS FOR COXCOM, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on 9th day of March, 2007, copies of the following documents:

1. Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

2. Memorandum of Law in Support Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

3. Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

4. Notice of Appearance of Counsel;

5. Corporate Disclosure Statement; and

6. Notice of Filing Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407 [for each party's respective case].

were served by U.S. Mail, postage pre-paid, upon the following parties and counsel on the attached Service List.

I further certify that on the 9th day of March, 2007, pursuant to Rule 5.2(b) of the Judicial Panel on Multidistrict Litigation, I caused to be served the following documents by U.S. Mail, postage pre-paid:

1. Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

2. Memorandum of Law in Support Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

3. Exhibits in Support of Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407;

4. Notice of Appearance of Counsel;

5. Corporate Disclosure Statement; and

US2000 9814326 1 C8490-331049

6. Notice of Filing Motion for Transfer and Consolidation of Rembrandt Technologies Patent Litigation Pursuant to 28 U.S. C §1407 [to District Courts for the following cases:].

<u>U.S. District Court for the Eastern District of Texas</u>
Case No. 02:05-cv-443-TJW; Case No. 02:06-cv-047-TJW; Case No. 02:05-cv-223-TJW; Case No. 02:06-cv-224-TJW; Case No. 02:06-cv-369-TJW; Case No. 02:06-cv-506-TJW; Case No. 02:06-cv-507-TJW

<u>U. S. District Court for the District of Delaware</u>
Case No. 1:06-cv-635-GMS; Case No. 1:06-cv-721-GMS; Case No. 1:06-cv-727-GMS; Case No. 1:06-cv-729-GMS; Case No. 1:06-cv-730-GMS; Case No. 1:06-cv-731-GMS

<u>U. S. District Court for the Southern District of New York</u>
Case No. 1:07-cv-214-WHP

<u>U. S. Bankruptcy Court for the Southern District of New York</u>
Case No. 06-01739-REG

The above documents were filed in electronic format using the CM/ECF system to the following United States District Courts: U.S. District Court for the Eastern District of Texas, Marshall Division; U. S. District Court for the Southern District of New York, Foley Square Division; and U. S. Bankruptcy Court for the Southern District of New York, Manhattan Division.

The above documents were sent in paper format via Federal Express to the Clerk of the Court of for the U. S. District Court for the District of Delaware, Wilmington Division for filing.

US2000 9814326.1 C8490-331049

This the 9th day of March 2007.

*Mitchell G. Stockwell*

Mitchell G. Stockwell
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Tonya R. Deem
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**ATTORNEYS FOR COXCOM, INC.**

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Steven J. Balick, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@@ashby-geddes.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies LP
1:06-cv-00727 (D. Del.); 1:06-cv-00729 (D. Del.); 1:06-cv-
00730 (D. Del.);
1:06-cv-00731 (D. Del.)*

Samuel Franklin Baxter, Esq.
PO Box O
Marshall, TX 75671
sbaxter@mckoolsmith.com
*Attorney for Plaintiff Rembrandt Technologies, LP
2:06-cv-000047 ( E.D. Tex.); 2:06-cv-00224 (E.D. Tex.);
Attorney for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-00223 (E.D. Tex.); 2:05-cv-443
(E.D. Tex.)*

David J. Beck, Esq.
Beck Redden & Secrest
1221 McKinney Street, Suite 4500
One Huston Center
Houston, TX 77010
dbeck@brsfirm.com
ggannaway@brsfirm.com
*Attorney for Plaintiff Rembrandt Technologies, LP 2:05-
cv-443 (E.D. Tex.)*

Denis Ticak, Esq.
Benesch Friedlander Coplan & Aronoff-Cleveland
2300 BP Tower
200 Public Square
Cleveland, OH 44114
dticak@bfca.com
*Attorney for Plaintiff Rembrandt Technologies, LP
2:05-cv-443 (E.D. Tex.)*

Elizabeth L. DeRieux, Esq.
Sidney Calvin Capshaw, III, Esq.
Andrew Wesley Spangler, Esq.
Brown Carroll - Longview
1127 Judson Road, Suite 220
PO Box 3999
Longview, TX 75606
ederieux@mailbmc.com
ccapshaw@mailbmc.com
aspangler@mailbmc.com
*Attorneys for Plaintiff Rembrandt Technologies, LP
2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-
cv-00507 (E.D. Tex.) 2:06-cv-00506 (E.D. Tex.)*

Gerald Levy, Esq.
Richard H. Brown, Esq.
Yukio Kashiba, Esq.
Day Pitney LLP
7 Times Square
New York, NY 10036-7311
glevy@pitneyhardin.com
rbrown@pitneyhardin.com
ykashiba@pitneyhardin.com
*Attorneys for Defendant and Counter Claimant Sharp
Electronics Corp.
2:06-cv-000047 ( E.D. Tex.)*

Robert W. Faulkner, Esq.
JAMS
8401 North Central Expressway, Suite 610
Dallas, TX 75225
rfaulkner@jamsadr.com
*Mediator 2:05-cv-443 (E.D. Tex.)*

Amanda J. Tessar, Esq.
David A. Segal, Esq.
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: atessar@gibsondunn.com
Email: dsegal@gibsondunn.com
*Attorneys for Defendants and Counter Claimants
Cablevision Systems Corporation and
CSC Holdings Inc. 1:06-cv-00635 (D. Del.)*

Harry Lee Gillam, Jr., Esq.
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
gil@gillamsmithlaw.com
*Attorney for Defendants Comcast Corporation, Comcast
Cable Communications, LLC and Comcast of Plano, LP
2:05-cv-443 (E.D. Tex.)*

Jennifer Haltom Doan, Esq.
Haltom and Doan LLP
6500 North Summerhill Road
Crown Executive Center Suite 1A
PO Box 6227
Texarkana, TX 75505
jdoan@haltomdoan.com
*Attorney for Defendants and Counter Claimants Comcast
Corporation, Comcast Cable Communications, LLC,
Comcast of Plano, LP, , 2:05-cv-443 (E.D. Tex.);
Attorney for Defendants and Counter Claimants Comcast
Corporation, Comcast Cable Communications, LLC and
Comcast of Plano, LP 2:06-cv-00506 (E.D. Tex.)*

1

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Otis W. Carroll, Jr., Esq.
Collin Michael Maloney, Esq.
James Patrick Kelley, Esq.
Ireland Carroll & Kelley
6101 S. Broadway, Suite 500
Tyler, TX 75703
fedserv@icklaw.com
patkelley@icklaw.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00506 (E.D. Tex.); 2:06-00224 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

Franklin Jones, Jr., Esq.
Jones & Jones – Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
maizieh@millerfirm.com
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:05-cv-443 (E.D. Tex.); 2:06-cv-00506 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

David S. Benyacar, Esq.
Michael A. Rogoff, Esq.
Kaye Scholer – New York
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com
mrogoff@kayescholer.com
*Attorneys for Defendant Time Warner Cable Inc. 2:06-cv-00224 (E.D. Tex.)*
*Attorneys for Movant Time Warner Cable, Inc. 2:05-cv-443 (E.D. Tex.)*

Daralyn J. Durie, Esq.
Leo L. Lam, Esq.
Matthias Andreas Kamber, Esq.
Steven K. Yoda, Esq.
Asim M. Bhansali, Esq.
Brian L. Ferrall, Esq.
Eric MacMichael, Esq.
Matthew M. Werdegar, Esq.
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111
ddurie@kvn.com
llam@kvn.com
mkamber@kvn.com
syoda@kvn.com
abhansali@svn.com
bferrall@kvn.com
emacmichael@kvn.com
mwerdegar@kvn.com
*Attorneys for Defendant and Counter Claimant Comcast Corporation Defendant and Counter Claimant Comcast Cable Communications, LLC, Defendant and Counter Claimant Comcast of Plano, LP 2:05-cv-443 (E.D. Tex.)*

Candice C. Decaire, Esq.
Leroy M. Toliver, Esq.
Mitchell G. Stockwell, Esq.
R. Scott Griffin, Esq.
Kilpatrick Stockton LLP – Atlanta
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
cdecaire@kilpatrickstockton.com
btoliver@kilpatrickstockton.com
mstockwell@kilpatrickstockton.com
sgriffin@kilpatrickstockton.com
*Attorneys for Defendant Coxcom, Inc. 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Plaintiff Coxcom Inc. 1:06-cv-00721 (D. Del.)*

Tonya R. Deem, Esq.
Kilpatrick Stockton LLP
1001 W. Fourth Street
Winston-Salem, NC 27101
tdeem@kilpatrickstockton.com
*Attorney for Defendant Coxcom, Inc. 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*
*Attorney for Plaintiff Coxcom, Inc. 1:06-cv-00721 (D. Del)*

Bradford P. Lyerla, Esq.
Charles Edward Juister, Esq.
Gregory E. Stanton, Esq.
Jon-Thomas Bloch, Esq.
Kevin D. Hogg, Esq.
Margaret Lynn Begalle, Esq.
Paul Bryan Stephens, Esq.
William Joseph Kramer, Esq.
Marshall Gerstein & Borun
233 S. Wacker Dr.
6300 Sears Tower
Chicago, IL 60606-6357
blyerla@marshallip.com
cjuister@marshallip.com
gstanton@marshallip.com
jbloch@marshallip.com
khogg@marshallip.com
mbegalle@marshallip.com
pstephens@marshallip.com
wkramer@marshallip.com
*Attorneys for Defendants Charter Communications, Inc. and Charter Communications Operating, LLC 2:06-cv-00223 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

US2000 9820049.1 C8490-331049

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

David Sochia, Esq.
Douglas A. Cawley, Esq.
Bradley Wayne Caldwell, Esq.
Jeffrey A. Carter, Esq.
McKool Smith- Dallas
300 Crescent Court, Suite 1500
Dallas, TX 75201
dcawley@mckoolsmith.com
dsochia@mckoolsmith.com
bcaldwell@mckoolsmith.com
jcarter@mckoolsmith.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-000047 ( E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP
2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-
cv-00223 (E.D. Tex.)*

John Franklin Garvish, II, Esq.
Travis Gordon White, Esq.
McKool Smith – Austin
300 W. 6th St
Ste 1700
Austin, TX 78701
jgarvish@mckoolsmith.com
gwhite@mckoolsmith.com
*Attorneys for Plaintiff Rembrandt Technologies, LP
2:05-cv-443 (E.D. Tex.); 2:06-cv-00224 (E.D. Tex.); 2:06-
cv-00223 (E.D. Tex.)*

Rodger Dallery Smith, II, Esq.
Leslie A. Polizoti, Esq.
Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
rdsefiling@mnat.com
lpolizoti@mnat.com
jbbefiling@mnat.com
*Attorneys for Plaintiff Coxcom Inc. 1:06-cv-00721 (D. Del)*
*Attorneys for Defendant Rembrandt Technologies LP 1:06-
cv-00721 (D. Del)*
*Attorneys for Defendant and Counter Claimant CBS
Corporation 1:06-cv-00727 (D. Del.)*
*Attorneys for Defendant and Counter Claimant NBC
Universal Inc.1:06-cv-00729 (D. Del.)*
*Attorneys for Defendant and Counter Claimant ABC
Inc.1:06-cv-00730 (D. Del.)*

William L. Anthony, Esq.
William W. Oxley, Esq.
Orrick Herrington & Sutcliff LLP
1000 Marsh Road
Menlo Park, CA 94025
wanthony@orrick.com
woxley@orrick.com
*Attorneys for Defendants and Counter Claimants Fox
Entertainment Group, Inc and Fox Broadcasting Company
1:06-cv-00731 (D. Del.)*

Charles Ainsworth, Esq.

Robert Christopher Bunt, Esq.
Robert M. Parker, Esq.
Parker Bunt & Ainsworth., P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
charlie@pbatyler.com
rcbunt@pbatyler.com
mparker@pbatyler.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-000047 ( E.D. Tex.) 2:06-cv-
00224 (E.D. Tex.); 2:06-cv-00223 (E.D. Tex.); 2:05-cv-443
(E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:06-
cv-00506 (E.D. Tex.); 2:06-cv-00507 (E.D. Tex.)*

Allen Franklin Gardner, Esq.
Michael Edwin Jones, Esq.
Diane DeVasto, Esq.
Potter Minton, P.C.
110 N. College Street, Suite 500
Tyler, TX 75702
allengardner@potterminton.com
mikesjones@potterminton.com
dianedevasto@pottterminton.com
*Attorneys for Defendant and Counter Claimant  Time
Warner Cable Inc.
2:06-cv-00224 (E.D. Tex.); 2:06-cv-00369 (E.D. Tex.)*
*Attorney for Movant Time Warner Cable, Inc.2:05-cv-443
(E.D. Tex.)*
*Attorneys  for Defendant Coxcom, Inc.2:06-cv-00223 (E.D.
Tex.); LLC 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Counter Claimant Charter Communications,
Inc. and Counter Claimant Charter Communications
Operating, LLC  2:06-cv-00223 (E.D. Tex.)*
*Defendant Charter Communications, Inc. and Defendant
Charter Communications Operating, LLC 2:06-cv-00507
(E.D. Tex.)*

Richard L. Horowitz, Esq.
David Ellis Moore, Esq.
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants and Counter Claimants Fox
Entertainment Group Inc. and Fox Broadcasting Company
1:06-cv-00731 (D. Del.)*

3

# In re: Rembrandt Technologies, LP Patent Litigation Service List
## Parties Represented by Counsel

Walter Thomas Henson, Esq.
Ramey & Flock
100 E. Ferguson, Suite 500
Tyler, TX 75702-0629
thenson@rameyflock.com
*Attorney for Defendant and Counter Claimant Sharp
Corporation; Defendant and Counter Claimant Sharp
Electronics Corp. 2:06-cv-000047 ( E.D. Tex.)*
Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
farnam@rlf.com
*Attorneys for Defendants and Counter Claimants
Cablevision Systems Corporation and CSC Holdings
Inc. 1:06-cv-00635 (D. Del.)*

Max Lalon Tribble, Jr., Esq.
Joseph Samuel Grinstein, Esq.
Tibor L. Nagy, Esq.
Susman Godfrey LLP - Houston
1000 Louisiana Street, Ste 5100
Houston, TX 77002-5096
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
tangy@susmangodfrey.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-00369 (E.D. Tex.) 2:06-cv-00506
(E.D. Tex.) LP 2:06-cv-00507 (E.D. Tex.)*
*Attorneys for Plaintiff Rembrandt Technologies, LP
Adversary Proceeding 06-01739 (S.D .N. Y)*

Brooke Ashley-May Taylor, Esq.
Edgar G. Sargent, Esq.
Matthew R. Berry, Esq.
Susman Godfrey, LLP – Seattle
1201 Third Avenue, Suite 3100
Seattle, WA 98101
btaylor@susmangodfrey.com
esargent@susmangodfrey.com
mberry@susmangodfrey.com
*Attorneys for Plaintiff and Counter Defendant Rembrandt
Technologies, LP 2:06-cv-00506 (E.D. Tex.); 2:06-cv-
00369 (E.D. Tex.);*
*Attorneys for Plaintiff Rembrandt Technologies, LP 2:06-
cv-00507 (E.D. Tex.); Adversary Proceeding 06-01739
(S.D .N. Y)*

Vineet Bhatia, Esq.
James L. Garrity, Jr.
Susman Godfrey LLP
590 Madison Ave., 8th Floor
New York, NY 10022
*Attorneys for Plaintiff Rembrandt Technologies, LP 1:07-
cv-00214 (S.D.N.Y.); Attorney for Plaintiff and Counter
Defendant Rembrandt Technologies, LP Adversary
Proceeding 06-01739 (S.D .N. Y)*

Shellley C. Chapman, Esq.
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019-6099
maosbny@willkie.com
*Attorney for Defendants and Counter Claimants Adelphia
Communications Corporation, Century-TCI California
Communications, LP, Century-TCI Distribution Company,
LLC, Century-TCI Holdings, LLC, Parnassos
Communications, LP, Parnassos Distribution Company I,
LLC, Parnassos Distribution II, LLC, Parnassos Holdings,
LLC, Parnassos, L.P., Western NY Cablevision, LP
Adversary Proceeding 06-01739 (S.D .N. Y)*

Kevin M. Baird, Esq.
James Michael Lennon, Esq.
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
kbaird@wcsr.com
jlennon@wcsr.com
*Attorneys for Plaintiff Rembrandt Technologies LP 1:06-
cv-00635 (D. Del.)*
*Attorneys for Defendant Rembrandt Technologies LP 1:06-
cv-00721 (D. Del)*

4