IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | : | |
| Plaintiff, | : | Civil Action No. 2:06-cv-00047-TJW |
| v. | : | **JURY TRIAL REQUESTED** |
| | : | |
| SHARP CORPORATION and SHARP ELECTRONICS CORPORATION, | : | **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM ON BEHALF OF SHARP ELECTRONICS CORP.** |
| Defendants. | : | |

Defendant Sharp Electronics Corp.,("SEC"), having its principal place of business at Sharp Plaza, Mahwah, New Jersey 07430, by way of an Answer to the Complaint of plaintiff Rembrandt Technologies, LP ("Rembrandt"), says:

### Parties

1. SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. SEC denies the allegations of paragraph 2, except that it admits the allegations in the first sentence of paragraph 2.

3. SEC denies the allegations of paragraph 3, except that it admits the allegations in the first two sentences of paragraph 3.

### Jurisdiction and Venue

4. SEC admits that Plaintiff has sued for patent infringement, and need not respond to Plaintiff's conclusion as to this Court's subject matter jurisdiction.

Case 2:07-cv-00099-GMS  Document 10  Filed 06/28/2007  Page 2 of 6

5. SEC denies the allegations in paragraph 5, except that it admits that it offers certain television products for sale throughout the United States, including in this District, and SEC further states that it is without information sufficient to form a belief as to the truth of Plaintiff's vague assertion that SEC "is doing business in the judicial district." SEC need not respond to Plaintiff's non-specific assertions as to whether venue properly lies in this district.

## Count I

6. SEC restates and incorporates herein its responses to the allegations of paragraphs 1 through 5.

7. SEC denies the allegations in paragraph 7, except it admits that the first page of U.S. Patent No. 5,243,627 (the "'627 Patent") indicates that the '627 Patent was issued September 7, 1993 for an invention entitled "Signal point interleaving technique," and refers to the '627 patent. SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 concerning assignment of rights in the '627 Patent to Rembrandt.

8. SEC denies the allegations in paragraph 8.

9. SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. SEC denies the allegations in paragraph 10.

## FIRST AFFIRMATIVE DEFENSE

Rembrandt fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Rembrandt's Complaint is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Rembrandt's Complaint is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Rembrandt's Complaint is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The making, use, sale, offer for sale and/or importation of any SEC apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '627 Patent.

### SIXTH AFFIRMATIVE DEFENSE

The '627 Patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. §1 *et seq.*, including but not limited to, 35 U.S.C. §§102, 103 and 112.

### SEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred by the existence of license covering the technology at issue.

### PRAYER FOR RELIEF

WHEREFORE, SEC prays for an Order:

1. Dismissing Rembrandt's claims as against SEC with prejudice;

2. Awarding to SEC its costs, including attorney fees, pursuant to 35 U.S.C. §285; and

3. Granting such other and further relief to SEC as the Court may deem appropriate.

## COUNTERCLAIM

### Parties

1.  Sharp Electronics Corporation ("SEC") is a corporation existing under the laws of New York, with a principal place of business located in Mahwah, New Jersey.

2.  Upon information and belief, Rembrandt Technologies, LP ("Rembrandt") is a limited partnership organized and existing under the laws of the State of New Jersey.

### Jurisdiction and Venue

3.  This Court has subject matter jurisdiction over SEC's Counterclaim pursuant to 28 U.S.C. §§1331, 1338(a), 35 U.S.C. §1 *et seq.*, and 28 U.S.C. §§2201 and 2202.

4.  On or about February 3, 2006, Rembrandt commenced a civil action for alleged infringement of the '627 Patent by filing a Complaint in this Court against, *inter alia,* SEC. As a consequence, there is an actual justifiable controversy between SEC and Rembrandt concerning SEC's alleged infringement of the '627 Patent, and the validity and enforceability of the '627 Patent.

5.  This Court has personal jurisdiction over Rembrandt because, *inter alia,* in filing the Complaint, Rembrandt has submitted itself to the jurisdiction of the Court.

6.  Venue of SEC's Counterclaim is proper in this matter because Rembrandt had filed the Complaint in this matter.

### First Count
(Declaratory Judgment of Noninfringement)

7.  SEC repeats and re-alleges the allegations of Paragraphs 1-6 of the Counterclaim as if fully set forth herein.

8.  SEC is entitled to a declaratory judgment that the making, use, sale, offer for sale and/or importation by SEC of any apparatus, system, device, product or method does not infringe

and has not in the past infringed any claim of the '627 Patent.

### Second Count
(Declaratory Judgment of Patent Invalidity)

9. SEC repeats and re-alleges the allegations of Paragraphs 1-8 of the Counterclaim as if fully set forth herein.

10. SEC is entitled to a declaratory judgment that the claims of the '627 Patent are invalid on the ground that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. §1 *et. seq.*

### Prayer For Relief

WHEREFORE, SEC prays for an Order:

1. Declaring that the making, use, sale, offer for sale and/or importation by SEC of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '627 Patent.

2. Declaring that the '627 Patent is invalid;

3. Awarding SEC its costs and attorney's fees pursuant to 35 U.S.C. §285; and

4. Granting to SEC such further relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ Tom Henson*
Tom Henson
State Bar Card No. 09494000
RAMEY & FLOCK, P.C.
100 East Ferguson
Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)
thenson@rameyflock.com

-6-

Gerald Levy
Richard H. Brown
Yukio Kashiba
PITNEY HARDIN LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

Attorneys for Defendants
SHARP ELECTRONICS CORP.

DATED: March 29, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail on this the 29th day of March, 2006.

Tom Henson