IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § § § | |
| Plaintiff, | § § | |
| | § | Case No: 2:06-cv-00047 TJW |
| vs. | § § | |
| | § | JURY TRIAL REQUESTED |
| | § § | |
| **SHARP CORPORATION and SHARP ELECTRONICS CORP.** | § § § § | |
| Defendants. | § § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES LP'S REPLY TO
SHARP ELECTRONICS CORP.'S COUNTERCLAIM**

Plaintiff Rembrandt Technologies, LP, ("Rembrandt") files this reply to Defendant Sharp Electronics Corp.'s ("SEC") Counterclaim, filed March 29, 2006, and states as follows:

**PARTIES**

1.  Rembrandt admits the allegations of Counterclaim paragraph 1.

2.  Rembrandt admits the allegations of Counterclaim paragraph 2.

**JURISDICTION AND VENUE**

3.  Rembrandt admits that SEC purports to allege a Counterclaim arising under 28 U.S.C. §§ 1331 and 1338(a), 35 U.S.C. § 1 *et seq.*, and 28 U.S.C. §§ 2201 and 2202. Rembrandt does not need to respond to SEC's conclusion as to this Court's subject matter jurisdiction over SEC's Counterclaim. Rembrandt denies that SEC is entitled to any declaratory relief.

4.  Rembrandt admits that it commenced a civil action for infringement of the '627 Patent by filing a Complaint in this Court against, *inter alia*, SEC on or about February 3, 2006. Rembrandt admits there is an actual controversy between SEC and Rembrandt with respect to

1

SEC's infringement of the '627 Patent and the validity of the '627 Patent. Rembrandt denies the remaining allegations of Counterclaim paragraph 4.

5. Rembrandt admits that this Court has personal jurisdiction over Rembrandt.

6. Rembrandt admits that this judicial district is a proper venue for SEC's Counterclaim.

## COUNT 1

7. Rembrandt repeats and re-alleges its answers to Counterclaim Paragraphs 1-6 above as if fully restated herein.

8. Rembrandt denies the allegations of Counterclaim paragraph 8.

## COUNT 2

9. Rembrandt repeats and re-alleges its answers to Counterclaim Paragraphs 1-8 above as if fully restated herein.

10. Rembrandt denies the allegations of Counterclaim paragraph 10.

Rembrandt denies each and every allegation contained in SEC's Counterclaim that is not expressly admitted herein. Rembrandt denies that SEC is entitled to the relief requested or any other relief.

## PRAYER FOR RELIEF

Rembrandt prays for the following relief:

A. The dismissal of SEC's Counterclaims for declaratory relief;

B. Judgment declaring that SEC infringes the '627 patent;

C. Judgment declaring that the '627 patent is valid and enforceable;

D. An award of Rembrandt's attorney's fees and costs, together with pre-judgment and post-judgment interest in the maximum amount provided by law; and

E. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

DATED: April 11, 2006

Respectfully submitted,

**McKOOL SMITH, P.C.**

 /s/ D. Cawley (w/p D. Sochia)
DOUGLAS A. CAWLEY
Lead Attorney
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
SAMUEL F. BAXTER
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
DAVID SOCHIA
Texas State Bar No. 00797470
dsochia@mckoolsmith.com
BRADLEY W. CALDWELL
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**PARKER & BUNT**
ROBERT M. PARKER
State Bar No. 15498000
rmparker@cox-internet.com
ROBERT CHRISTOPHER BUNT
State Bar No. 00787165
cbunt@cox-internet.com
100 E. Ferguson, Suite 114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail on this the 11th day of April, 2006.


                                      __/s/ David Sochia___
                                      David Sochia

Dallas 217066v1