## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP,          :

        Plaintiff,          :          Civil Action No. 2:06-cv-00047-TJW

v.          :          **JURY TRIAL REQUESTED**

SHARP CORPORATION and SHARP          :
ELECTRONICS CORPORATION,          :          **ANSWER, AFFIRMATIVE DEFENSES**
                  **AND COUNTERCLAIM**
        Defendants.          :          **ON BEHALF OF**
                  ::          **SHARP CORPORATION**

      Defendant Sharp Corporation,("Sharp"), having its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan, by way of an Answer to the Complaint of plaintiff Rembrandt Technologies, LP ("Rembrandt"), says:

### Parties

      1.      Sharp is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

      2.      Sharp denies the allegations of paragraph 2, except that it admits the allegations in the first two sentences of paragraph 2.

      3.      Sharp denies the allegations of paragraph 3, except that it admits the allegations in the first two sentences of paragraph 3.

### Jurisdiction and Venue

      4.      Sharp admits that Plaintiff has sued for patent infringement, and need not respond to Plaintiff's conclusion as to this Court's subject matter jurisdiction.

Case 2:06-cv-00047-TJW-CE    Document 18    Filed 04/27/2006    Page 2 of 7

5.      Sharp denies the allegations in paragraph 5, except that it admits that its subsidiary, Sharp Electronics Corp., offers certain television products for sale throughout the United States, including in this District.

## Count I

6.      Sharp restates and incorporates herein its responses to the allegations of paragraphs 1 through 5.

7.      Sharp denies the allegations in paragraph 7, except it admits that the first page of U.S. Patent No. 5,243,627 (the "'627 Patent") indicates that the '627 Patent was issued September 7, 1993 for an invention entitled "Signal point interleaving technique," and refers to the '627 patent. Sharp is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 concerning assignment of rights in the '627 Patent to Rembrandt.

8.      Sharp denies the allegations in paragraph 8.

9.      Sharp is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Sharp denies the allegations in paragraph 10.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt's Complaint is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt's Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt's Complaint is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the making, use, sale, offer for sale and/or importation of any Sharp apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '627 Patent.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the '627 Patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. §1 *et seq.*, including but not limited to, 35 U.S.C. §§102, 103 and 112.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the existence of a license covering the technology at issue.

## PRAYER FOR RELIEF

WHEREFORE, Sharp prays for an Order:

1.      Dismissing Rembrandt's claims as against Sharp with prejudice;

2.      Awarding to Sharp its costs, including attorney fees, pursuant to 35 U.S.C. §285; and

3.      Granting such other and further relief to Sharp as the Court may deem appropriate.

## COUNTERCLAIM

### Parties

1.      Sharp Corporation ("Sharp") is a corporation existing under the laws of Japan, with a principal place of business located in Osaka, Japan.

2.      Upon information and belief, Rembrandt Technologies, LP ("Rembrandt") is a limited partnership organized and existing under the laws of the State of New Jersey.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over Sharp's Counterclaim pursuant to 28 U.S.C. §§1331, 1338(a), 35 U.S.C. §1 *et seq.,* and 28 U.S.C. §§2201 and 2202.

4.      On or about February 3, 2006, Rembrandt commenced a civil action for alleged infringement of the '627 Patent by filing a Complaint in this Court against, *inter alia,* Sharp. As a consequence, there is an actual justifiable controversy between Sharp and Rembrandt concerning Sharp's alleged infringement of the '627 Patent, and the validity and enforceability of the '627 Patent.

5.      This Court has personal jurisdiction over Rembrandt because, *inter alia,* in filing the Complaint, Rembrandt has submitted itself to the jurisdiction of the Court.

6.      Venue of Sharp's Counterclaim is proper in this matter because Rembrandt had filed the Complaint in this matter.

### First Count
(Declaratory Judgment of Noninfringement)

7.      Sharp repeats and re-alleges the allegations of Paragraphs 1-6 of the Counterclaim as if fully set forth herein.

8.      Upon information and belief, Sharp is entitled to a declaratory judgment that the making, use, sale, offer for sale and/or importation by Sharp of any apparatus, system, device,

- 4-

product or method does not infringe and has not in the past infringed any claim of the '627 Patent.

### Second Count
(Declaratory Judgment of Patent Invalidity)

9.      Sharp repeats and re-alleges the allegations of Paragraphs 1-8 of the Counterclaim as if fully set forth herein.

10.      Upon information and belief, Sharp is entitled to a declaratory judgment that the claims of the '627 Patent are invalid on the ground that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. §1 *et. seq.*

### Prayer For Relief

WHEREFORE, Sharp prays for an Order:

1.      Declaring that the making, use, sale, offer for sale and/or importation by Sharp of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '627 Patent.

2.      Declaring that the '627 Patent is invalid;

3.      Awarding Sharp its costs and attorney's fees pursuant to 35 U.S.C. §285; and

4.      Granting to Sharp such further relief as the Court may deem appropriate.

/s/ Tom Henson
Tom Henson
State Bar Card No. 09494000
RAMEY & FLOCK, P.C.
100 East Ferguson
Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)
thenson@rameyflock.com


Gerald Levy
Richard H. Brown
Yukio Kashiba

PITNEY HARDIN LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

Attorneys for Defendants
SHARP CORPORATION,

DATED: April 27, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail on this the 27th day of April, 2006.

/s/ Tom Henson
Tom Henson