## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP<br>PATENT LITIGATION | ) )<br>)  MDL Docket No. 07-md-1848 (GMS)<br>) |
| THIS MOTION APPLIES ONLY TO: | ) )<br>) |
| REMBRANDT TECHNOLOGIES LP | ) |
| Plaintiff, | )  Civil Action No. 07-cv-399-GMS<br>) |
| v. | ) ) |
| SHARP CORPORATION and<br>SHARP ELECTRONICS CORPORATION, | )  **JURY TRIAL DEMANDED**<br>) ) |
| Defendants. | ) |

### STIPULATED MOTION FOR LEAVE
### TO AMEND SHARP'S ANSWER, AFFIRMATIVE DEFENSES, AND
### COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 13(f)

WHEREAS, Sharp Corporation and Sharp Electronics Corporation ("Sharp") seek to amend their respective Answer, Affirmative Defenses, and Counterclaims, pursuant to Rule 13(f) of the Federal Rules of Civil Procedure, to add additional defenses and counterclaims previously asserted against plaintiff Rembrandt Technologies LP ("Rembrandt") in co-pending Civil Action No. 07-752 (D. Del.);

WHEREAS, Sharp's proposed amended pleadings are attached as Exhibits A and B hereto;

WHEREAS, Sharp and Rembrandt (without conceding the merits of the proposed amendments) hereby stipulate to the Court's entry of the amended pleadings attached as Exhibits A and B hereto;

IT IS HEREBY STIPULATED AND AGREED by the parties to this action, subject to the Order of the Court, that the amended pleadings attached as Exhibits A and B hereto shall be entered in this case.

_(signature)_

Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, Delaware 19899
(302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Counsel for Rembrandt Technologies, LP

Date:  April 11, 2008

_(signature)_

Gerald Levy
Richard H. Brown
Yukio Kashiba
Jonathan B. Tropp
Day Pitney LLP
7 Times Square
New York, NY  10036
(212) 297-5800
glevy@daypitney.com
rbrown@daypitney.com
jbtropp@daypitney.com

Counsel for Sharp Corporation and
Sharp Electronics Corporation

Date:  April 11, 2008

IT IS SO ORDERED, this _____ of April 2008.

_____
Chief, United States District Judge

# EXHIBIT   A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) | MDL Docket No. 07-md-1848 (GMS) |
| THIS PLEADING APPLIES ONLY TO: | ) ) ) | |
| REMBRANDT TECHNOLOGIES LP | ) ) | Civil Action No. 07-cv-399-GMS |
| Plaintiff, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SHARP CORPORATION and SHARP ELECTRONICS CORPORATION, | ) ) ) | |
| Defendants. | ) | |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT SHARP CORPORATION

Defendant Sharp Corporation ("Sharp"), having its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan, by way of an Answer to the Complaint of plaintiff Rembrandt Technologies, LP ("Rembrandt"), says:

### Parties

1.     Sharp is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.     Sharp denies the allegations of paragraph 2, except that it admits the allegations in the first two sentences of paragraph 2.

3.    Sharp denies the allegations of paragraph 3, except that it admits the allegations in the first two sentences of paragraph 3.

## Jurisdiction and Venue

4.    Sharp admits that Plaintiff has sued for patent infringement, and need not respond to Plaintiff's conclusion as to this Court's subject matter jurisdiction.

5.    Sharp denies the allegations in paragraph 5, except that it admits that its subsidiary, Sharp Electronics Corp., offers certain television products for sale throughout the United States, including in this District.

## Count I

6.    Sharp restates and incorporates herein its responses to the allegations of paragraphs 1 through 5.

7.    Sharp denies the allegations in paragraph 7, except it admits that the first page of U.S. Patent No. 5,243,627 (the "'627 Patent") indicates that the '627 Patent was issued September 7, 1993 for an invention entitled "Signal point interleaving technique," and refers to the '627 patent.  Sharp is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 concerning assignment of rights in the '627 Patent to Rembrandt.

8.    Sharp denies the allegations in paragraph 8.

9.    Sharp is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.    Sharp denies the allegations in paragraph 10.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt's Complaint is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt's Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Rembrandt's Complaint is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the making, use, sale, offer for sale and/or importation of any Sharp apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '627 Patent.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the '627 Patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. §1 *et seq.*, including but not limited to, 35 U.S.C. §§102, 103 and 112.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the existence of a license covering the technology at issue.

## PRAYER FOR RELIEF

WHEREFORE, Sharp prays for an Order:

1.      Dismissing Rembrandt's claims as against Sharp with prejudice;

2.      Awarding to Sharp its costs, including attorney fees, pursuant to 35 U.S.C. §285; and

3.    Granting such other and further relief to Sharp as the Court may deem appropriate.

## COUNTERCLAIMS

### Parties

1.    Sharp Corporation ("Sharp") is a corporation existing under the laws of Japan, with a principal place of business located in Osaka, Japan.

2.    Upon information and belief, Rembrandt Technologies, LP ("Rembrandt") is a limited partnership organized and existing under the laws of the State of New Jersey.

### Jurisdiction and Venue

3.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 28 U.S.C. §§ 2201-2202, and under 28 U.S.C. § 1367.

4.    This Court has personal jurisdiction over Rembrandt because it has submitted to the jurisdiction of this Court.

5.    Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

### Facts Common to All Counts

6.    Rembrandt asserts ownership of all right, title and interest in the '627 patent.

7.    Rembrandt has sued Sharp for allegedly infringing one or more claims of the '627 patent, which allegations Sharp has denied.

8.    An actual case or controversy exists between Rembrandt and Sharp.

### First Count
### (Declaratory Judgment of Non-Infringement)

9.    Sharp incorporates by reference and realleges the allegations of paragraphs 1-8 above as if fully set forth herein.

10.    Sharp is not infringing and has not infringed any claim of the '627 patent.

11.    Sharp is entitled to a declaratory judgment that the making, use, sale, offer for sale and importation by Sharp of any apparatus, system, device, product or method has not infringed and does not infringe any claim of the '627 patent.

## Second Count
### (Declaratory Judgment of Invalidity)

12.    Sharp incorporates by reference and realleges the allegations of paragraphs 1-11 above as if fully set forth herein.

13.    One or more claims of the '627 patent are invalid.

14.    Sharp is entitled to a declaratory judgment that claims of the '627 patent are invalid for failing to meet the conditions of patentability specified in 35 U.S.C. §§ 1 *et seq.*, including specifically, §§ 101, 102, 103, and 112.

## Third Count
### (Declaration of Unenforceability)

15.    Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 14 above as if fully set forth herein.

16.    The '627 patent was procured as a result of material misrepresentations and/or omissions made before the United States Patent and Trademark Office ("PTO") during prosecution.  More specifically, the inventors, the initial assignee of the '627 patent, and/or their counsel, knew of multiple prior art references material to the patentability of one or more claims of the '627 patent that were not disclosed in violation of the duty of candor.  Such prior art references include without limitation:   U.S. Patent Nos. 5,052,000, entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using

Error Correction," issued September 24, 1991 to Wang et al.; 5,056,112, entitled "Interleaving in Coded Modulation for Mobile Radio," issued October 8, 1991 to Wei; 4,641,327, entitled "Frame Syncronization in Trellis-Coded Communication Systems," issued February 3, 1987 to Wei; 5,214,656, entitled Multiplexed Coded Modulation with Unequal Error Protection," issued May 25, 1993 to Chung et al.; and 5,105,442, entitled "Coded Modulation with Unequal Error Protection," issued April 14, 1992 to Wei; and/or the respective applications from which those patents derive.

### Fourth Count
### (Breach of Contract)

17.    Sharp incorporates by reference and re-alleges the allegations of paragraphs 1 through 16 above as if fully set forth herein.

18.    Sharp and the American Telephone and Telegraph Company ("AT&T") entered into a series of agreement by which they cross-licensed certain patents.

19.    To the extent that any Sharp product or component thereof meets any claim of the '627 patent, which Sharp expressly denies, such product or component would be licensed under one or more of the license agreements between Sharp and AT&T.

20.    Implicit in the license agreements between AT&T and Sharp are covenants by AT&T not to sue Sharp for infringement for any conduct licensed under its agreements. Such covenants are material terms of the agreements and run with the licensed patents to the extent such patents are transferred.

21.    Upon information and belief, AT&T assigned the '627 patent to Lucent Technologies and Lucent thereafter assigned the '627 patent to Paradyne Corporation, which thereafter assigned the '627 patent to Rembrandt.

22.    Because each of the assignments was necessarily subject to a license under the AT&T agreements with Sharp as set forth above, Rembrandt took the '627 patent subject to a covenant not to sue Sharp for infringement of the '627 patent.

23.    Rembrandt's conduct in originally filing and continuing to prosecute its infringement claims against Sharp based on the '627 patent constitutes a breach of contract.

24.    Sharp has been and continues to be injured by Rembrandt's breach of the covenant not to sue, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringement of the '627 patent.

### Fifth Count
### (Breach of Contract/Promissory Estoppel)

25.    Sharp incorporates by reference and re-alleges the allegations of Paragraphs 1 through 24 above as if fully set forth herein.

26.    On information and belief, in order to encourage the Federal Communications Commission ("FCC") to adopt the technical standard put forward by the Advanced Televisions System Committee ("ATSC"), AT&T made representations and warranties to the FCC that it would offer licenses on reasonable and non-discriminatory ("RAND") terms for any patents essential for the ATSC standard if adopted by FCC. The FCC subsequently premised its adoption of much of the ATSC technical standard on the representations and warranties by AT&T and others that any essential patents would be licensed on RAND terms.

27.    As a successor-in-interest to AT&T in the '627 patent, Rembrandt was obligated to offer a license under the '627 patent on RAND terms to any entity before filing suit against such entity claiming that practicing the ATSC standard infringes the '627 patent, which Sharp

expressly denies. Moreover, as a successor-in-interest to AT&T, Rembrandt was barred from seeking any injunctive relief against that entity.

28.    Before filing suit against Sharp, Rembrandt failed to offer a license, based on RAND terms or otherwise, to Sharp, and then sought (and continues to seek) injunctive relief, which constitutes a breach of its obligations and promises made to the FCC. On information and belief, Rembrandt took these steps maliciously and in bad faith, with knowledge of AT&T's representations to the FCC.

29.    Sharp has been and continues to be injured by Rembrandt's breach of its obligation to offer Sharp a license on RAND terms, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful assertion of infringement of the '627 patent.

**Sixth Count**
**(Tortious Interference)**

30.    Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 29 above as if fully set forth herein.

31.    As part of its agreements with AT&T, Sharp has the right to engage in conduct licensed by AT&T free from the specter of being sued for patent infringement. Upon information and belief, Rembrandt knew or should have known that its suit would interfere with Sharp's rights under the AT&T license agreements, more specifically, with a covenant not to sue granted by AT&T.

32.    Rembrandt's patent infringement suit against Sharp was brought in bad faith and its failure to approach Sharp before filing suit, and continued prosecution of its bad faith patent infringement claim tortiously interfere with Sharp's rights under one or more of its agreements with AT&T.

33.     Rembrandt's ongoing interference with Sharp's business relationships is intentional, in bad faith, and not legally justified or excused.

34.     Sharp has been and continues to be injured by Rembrandt's tortious interference with Sharp's business relationships, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringing the '627 patent.

## Seventh Count
### (Declaration of Patent Misuse)

35.     Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 34 above as if fully set forth herein.

36.     Rembrandt has committed patent misuse by asserting the '627 patent against Sharp with knowledge that the patent cannot lawfully be so asserted.

## Prayer for Relief

WHEREFORE, Sharp requests:

1.  A declaration that the '627 patent is not infringed, invalid and unenforceable;

2.  Damages;

3.  A declaration under 35 U.S.C. § 285 that this is an exceptional case;

4. An award of attorneys' fees and costs to Sharp; and

5. Such other and further relief as justice may require.

_____
Gerald Levy
Richard H. Brown
Yukio Kashiba
Jonathan B. Tropp
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)
glevy@daypitney.com
rbrown@daypitney.com
Attorneys for Defendant SHARP
CORPORATION

DATED:  April 11, 2008

# EXHIBIT   B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) MDL Docket No. 07-md-1848 (GMS) ) |
| THIS PLEADING APPLIES ONLY TO: | ) ) |
| REMBRANDT TECHNOLOGIES LP | ) ) |
| Plaintiff, | ) Civil Action No. 07-cv-399-GMS ) |
| v. | ) ) |
| SHARP CORPORATION and SHARP ELECTRONICS CORPORATION, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) ) |

### AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
### OF DEFENDANT SHARP ELECTRONICS CORPORATION

Defendant Sharp Electronics Corp.,("SEC"), having its principal place of business at Sharp Plaza, Mahwah, New Jersey 07430, by way of an Answer to the Complaint of plaintiff Rembrandt Technologies, LP ("Rembrandt"), says:

### Parties

1.      SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.      SEC denies the allegations of paragraph 2, except that it admits the allegations in the first sentence of paragraph 2.

83033947.1

3.    SEC denies the allegations of paragraph 3, except that it admits the allegations in the first two sentences of paragraph 3.

### Jurisdiction and Venue

4.    SEC admits that Plaintiff has sued for patent infringement, and need not respond to Plaintiff's conclusion as to this Court's subject matter jurisdiction.

5.    SEC denies the allegations in paragraph 5, except that it admits that it offers certain television products for sale throughout the United States, including in this District, and SEC further states that it is without information sufficient to form a belief as to the truth of Plaintiff's vague assertion that SEC "is doing business in the judicial district." SEC need not respond to Plaintiff's non-specific assertions as to whether venue properly lies in this district.

### Count I

6.    SEC restates and incorporates herein its responses to the allegations of paragraphs 1 through 5.

7.    SEC denies the allegations in paragraph 7, except it admits that the first page of U.S. Patent No. 5,243,627 (the "'627 Patent") indicates that the '627 Patent was issued September 7, 1993 for an invention entitled "Signal point interleaving technique," and refers to the '627 patent. SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 concerning assignment of rights in the '627 Patent to Rembrandt.

8.    SEC denies the allegations in paragraph 8.

9.    SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.    SEC denies the allegations in paragraph 10.

83033947.1   -2-

## FIRST AFFIRMATIVE DEFENSE

Rembrandt fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Rembrandt's Complaint is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Rembrandt's Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Rembrandt's Complaint is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

The making, use, sale, offer for sale and/or importation of any SEC apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '627 Patent.

## SIXTH AFFIRMATIVE DEFENSE

The '627 Patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. §1 *et seq.*, including but not limited to, 35 U.S.C. §§102, 103 and 112.

## SEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred by the existence of license covering the technology at issue.

## PRAYER FOR RELIEF

WHEREFORE, SEC prays for an Order:

1.      Dismissing Rembrandt's claims as against SEC with prejudice;

2.      Awarding to SEC its costs, including attorney fees, pursuant to 35 U.S.C. §285; and

3.      Granting such other and further relief to SEC as the Court may deem appropriate.

## COUNTERCLAIM

### Parties

1.      Sharp Electronics Corporation ("SEC") is a corporation existing under the laws of New York, with a principal place of business located in Mahwah, New Jersey.

2.      Upon information and belief, Rembrandt Technologies, LP ("Rembrandt") is a limited partnership organized and existing under the laws of the State of New Jersey.

### Jurisdiction and Venue

1.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 28 U.S.C. §§ 2201-2202, and under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Rembrandt because it has submitted to the jurisdiction of this Court.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

### Facts Common to All Counts

4.      Rembrandt asserts ownership of all right, title and interest in the '627 patent.

5.      Rembrandt has sued SEC for allegedly infringing one or more claims of the '627 patent, which allegations SEC has denied.

6.      An actual case or controversy exists between Rembrandt and SEC.

### First Count
### (Declaratory Judgment of Non-Infringement)

7.      SEC incorporates by reference and realleges the allegations of paragraphs 1-6 above as if fully set forth herein.

8.      SEC is not infringing and has not infringed any claim of the '627 patent.

9.      SEC is entitled to a declaratory judgment that the making, use, sale, offer for sale and importation by SEC of any apparatus, system, device, product or method has not infringed and does not infringe any claim of the '627 patent.

### Second Count
### (Declaratory Judgment of Invalidity)

10.      SEC incorporates by reference and realleges the allegations of paragraphs 1-9 above as if fully set forth herein.

11.      One or more claims of the '627 patent are invalid.

12.      SEC is entitled to a declaratory judgment that claims of the '627 patent are invalid for failing to meet the conditions of patentability specified in 35 U.S.C. §§ 1 *et seq.*, including specifically, §§ 101, 102, 103, and 112.

### Third Count
### (Declaration of Unenforceability)

13.      SEC incorporates by reference and realleges the allegations of paragraphs 1 through 12 above as if fully set forth herein.

14.      The '627 patent was procured as a result of material misrepresentations and/or omissions made before the United States Patent and Trademark Office ("PTO") during prosecution. More specifically, the inventors, the initial assignee of the '627 patent, and/or their counsel, knew of multiple prior art references material to the patentability of one or more claims of the '627 patent that were not disclosed in violation of the duty of candor. Such prior art references include without limitation:  U.S. Patent Nos. 5,052,000, entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," issued September 24, 1991 to Wang et al.; 5,056,112, entitled "Interleaving in Coded Modulation for Mobile Radio," issued October 8, 1991 to Wei; 4,641,327, entitled

"Frame Syncronization in Trellis-Coded Communication Systems," issued February 3, 1987 to Wei; 5,214,656, entitled Multiplexed Coded Modulation with Unequal Error Protection," issued May 25, 1993 to Chung et al.; and 5,105,442, entitled "Coded Modulation with Unequal Error Protection," issued April 14, 1992 to Wei; and/or the respective applications from which those patents derive.

**Fourth Count**
**(Breach of Contract)**

15.     SEC incorporates by reference and re-alleges the allegations of paragraphs 1 through 14 above as if fully set forth herein.

16.     Sharp Corporation ("Sharp") and the American Telephone and Telegraph Company ("AT&T") entered into a series of agreement by which they cross-licensed certain patents.

17.     To the extent that any SEC product or component thereof meets any claim of the '627 patent, which SEC expressly denies, such product or component would be licensed under one or more of the license agreements between Sharp and AT&T.

18.     Implicit in the license agreements between AT&T and Sharp are covenants by AT&T not to sue Sharp or its affiliates, including SEC, for infringement for any conduct licensed under its agreements. Such covenants are material terms of the agreements and run with the licensed patents to the extent such patents are transferred.

19.     Upon information and belief, AT&T assigned the '627 patent to Lucent Technologies and Lucent thereafter assigned the '627 patent to Paradyne Corporation, which thereafter assigned the '627 patent to Rembrandt.

20.     Because each of the assignments was necessarily subject to a license under the AT&T agreements with Sharp as set forth above, Rembrandt took the '627 patent subject to a covenant not to sue SEC for infringement of the '627 patent.

21.      Rembrandt's conduct in originally filing and continuing to prosecute its infringement claims against SEC based on the '627 patent constitutes a breach of contract.

22.      SEC has been and continues to be injured by Rembrandt's breach of the covenant not to sue, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringement of the '627 patent.

### Fifth Count
### (Breach of Contract/Promissory Estoppel)

23.      SEC incorporates by reference and re-alleges the allegations of Paragraphs 1 through 22 above as if fully set forth herein.

24.      On information and belief, in order to encourage the Federal Communications Commission ("FCC") to adopt the technical standard put forward by the Advanced Televisions System Committee ("ATSC"), AT&T made representations and warranties to the FCC that it would offer licenses on reasonable and non-discriminatory ("RAND") terms for any patents essential for the ATSC standard if adopted by FCC. The FCC subsequently premised its adoption of much of the ATSC technical standard on the representations and warranties by AT&T and others that any essential patents would be licensed on RAND terms.

25.      As a successor-in-interest to AT&T in the '627 patent, Rembrandt was obligated to offer a license under the '627 patent on RAND terms to any entity before filing suit against such entity claiming that practicing the ATSC standard infringes the '627 patent, which SEC expressly denies. Moreover, as a successor-in-interest to AT&T, Rembrandt was barred from seeking any injunctive relief against that entity.

26.      Before filing suit against SEC, Rembrandt failed to offer a license, based on RAND terms or otherwise, to SEC, and then sought (and continues to seek) injunctive relief, which constitutes a breach of its obligations and promises made to the FCC. On information and

belief, Rembrandt took these steps maliciously and in bad faith, with knowledge of AT&T's representations to the FCC.

27.     SEC has been and continues to be injured by Rembrandt's breach of its obligation to offer SEC a license on RAND terms, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful assertion of infringement of the '627 patent.

## Sixth Count
### (Tortious Interference)

28.     SEC incorporates by reference and realleges the allegations of paragraphs 1 through 27 above as if fully set forth herein.

29.     As part of Sharp's agreements with AT&T, SEC has the right to engage in conduct licensed by AT&T free from the specter of being sued for patent infringement.  Upon information and belief, Rembrandt knew or should have known that its suit would interfere with SEC's rights under the AT&T license agreements, more specifically, with a covenant not to sue granted by AT&T.

30.      Rembrandt's patent infringement suit against SEC was brought in bad faith and its failure to approach SEC before filing suit, and continued prosecution of its bad faith patent infringement claim tortiously interfere with SEC's rights under one or more of Sharp's agreements with AT&T.

31.     Rembrandt's ongoing interference with SEC's business relationships is intentional, in bad faith, and not legally justified or excused.

32.      SEC has been and continues to be injured by Rembrandt's tortious interference with SEC's business relationships, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringing the '627 patent.

## Seventh Count
### (Declaration of Patent Misuse)

33.       SEC incorporates by reference and realleges the allegations of paragraphs 1 through

32 above as if fully set forth herein.

34.       Rembrandt has committed patent misuse by asserting the '627 patent against SEC with

knowledge that the patent cannot lawfully be so asserted.

### Prayer for Relief

WHEREFORE, SEC requests:

1.  A declaration that the '627 patent is not infringed, invalid and unenforceable;

2.  Damages;

3.  A declaration under 35 U.S.C. § 285 that this is an exceptional case;

4.  An award of attorneys' fees and costs to SEC; and

5.  Such other and further relief as justice may require.


Gerald Levy
Richard H. Brown
Yukio Kashiba
Jonathan B. Tropp
Day Pitney LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)
glevy@daypitney.com
rbrown@daypitney.com
jbtropp@daypitney.com

Attorneys for Defendant
SHARP ELECTRONICS CORP.

DATED:  April 11, 2008

83033947.1  - 9-